**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL FAULK, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 4:18-CV-308-JCH |
| v. | ) |
| | ) |
| CITY OF ST. LOUIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT'S  MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The Court should dismiss Plaintiff's state law tort claims alleged against the City in Counts VI, VII, VIII, VIII, and IX[1] of his Complaint because such claims are barred by sovereign immunity.

In Missouri, public entities such as the City of St. Louis are afforded sovereign immunity from tort claims except those stemming from automobile accidents or unsafe property conditions. Mo. Rev. Stat. § 537.600; *see also Davis v. Lambert-St. Louis Int'l Airport,* 193 S.W.3d 760, 764 (Mo. banc 2006); *McNeill Trucking Co. v. Mo. State Hwy. and Transp. Comm'n*, 35 S.W.3d 846, 848 (Mo. banc 2001) (general rule is that government may not be sued without its consent); *St. Louis Police Officers' Ass'n v. Bd. of Police Comm'rs*, 846 S.W.2d 732, 735 (Mo. App. E.D. 1992) (police board immune except to the extent immunity has been waived by Missouri state statute); *Krasney v. Curators of Univ. of Missouri*, 765 S.W.2d 646, 649-50 (Mo. App. W.D. 1989) (absent

---

[1] Plaintiff's Complaint contains two claims, both numbered as "Count VIII." See Doc. 1 ¶¶ 132-142. The second "Count VIII" is followed by a final claim, numbered as "Count IX." *Id.* ¶¶ 143-50. Although it appears that Plaintiff's Complaint should have been numbered I through X, in order to avoid confusion, Defendant City will refer to Plaintiff's claims as they are numbered in his Complaint.

an express waiver of immunity, a governmental entity may not be sued for torts or claims that are tort-like).

Sovereign immunity is not an affirmative defense but is part of a plaintiff's *prima facie* case. *St. John's Clinic, Inc. v. Pulaski Cty. Ambulance Dist*., 422 S.W.3d 469, 471 (Mo. App. S.D. 2014). As such, a plaintiff must plead each element of an alleged waiver of sovereign immunity. *Id*.

In Counts VI, VII, VIII, VIII, and IX of the Complaint, Plaintiff purports to allege tort claims against the City under Missouri state law. See Doc. 1 ¶¶ 122-50. However, such claims do not arise from an automobile accident or an unsafe property condition, and Missouri has not waived sovereign immunity from such claims. Mo. Rev. Stat. § 537.600. Consequently, Plaintiff's state law claims alleged against the City alleged in Counts VI, VII, VIII, VIII, and IX are barred by sovereign immunity. *Id.*

    Respectfully submitted,

    JULIAN BUSH,
    City Counselor

    __/s/ H. Anthony Relys_____
    H. Anthony Relys, #63190MO
    Assistant City Counselor
    City Hall
    1200 Market Street, Room 314
    St. Louis, MO  63103
    Tel: (314) 622-3361
    Fax: (314) 622-4956
    RelysT@stlouis-mo.gov

    *Attorneys for Defendant City of St. Louis*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 23, 2018, the foregoing **Defendants' Memorandum in Support of Motion to Dismiss** was served via the Court's electronic filing system upon all counsel of record.

                                                  /s/ H. Anthony Relys
                                                  H. Anthony Relys
                                                  Assistant City Counselor