**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL FAULK, | ) |
| | ) |
|     Plaintiffs, | ) |
| | )    Case No. 4:18-CV-308-JCH |
| v. | ) |
| | )    **JURY TRIAL DEMANDED** |
| CITY OF ST. LOUIS, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT CITY OF ST. LOUIS'S ANSWER**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant City of St. Louis ("City") answers the allegations of Plaintiff's First Amended Complaint (Doc. 10) as follows:

**INTRODUCTION**

1.     Defendant City admits that Plaintiff was arrested on September 17, 2017, but denies that his arrest was unlawful as alleged, or that he was assaulted. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

**JURISDICTION AND VENUE**

2.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

3.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

4.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

5.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

6.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

7.      Defendant City admits that Plaintiff purports to demand a trial by jury. Because Defendant City denies that Plaintiff's claims are cognizable, Defendant denies Plaintiff is entitled to a jury trial.

## PARTIES

8.      Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

9.      Defendant City admits it is a constitutional charter city organized pursuant to the Missouri Constitution and the laws of the State of Missouri. Defendant City denies the remaining allegations this paragraph.

10.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

11.     Defendant City admits that Gerald Leyshock is a police officer employed by the St. Louis Police Department ("SLPD") and holds the rank of lieutenant colonel. Further answering, Defendant City admits that Lt. Col. Leyshock was the incident commander during the mass arrest that took place during the evening of September 17, 2017. The remaining allegations contained in this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies said allegations.

12.      Defendant City admits that Scott Boyher is a police officer employed by the SLPD and holds the rank of lieutenant. Defendant City denies that Lt. Boyher was present at the scene of the mass arrest during the evening of September 17, 2017. The remaining allegations contained in this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies said allegations.

13.     Defendant City admits that Timothy Sachs was a supervisor present during the mass arrest that took place during the evening of September 17, 2017. Defendant City denies the remaining allegations of this paragraph.

14.     Defendant City admits that Randy Jemerson is a police officer employed by the SLPD and that he supervises the SLPD's civil disobedience teams. Further answering, Defendant City admits that Jemerson was a supervisor present during the mass arrest that took place during the evening of September 17, 2017. The remaining allegations contained in this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies said allegations.

15.     Defendant City admits that Matthew Karnowski is a police officer employed by the SLPD and holds the rank of sergeant. Further answering, Defendant City admits that Sgt. Karnowski was a supervisor present during the mass arrest that took place during the evening of September 17, 2017, and that earlier that evening, Sgt. Karnowski had issued "unlawful assembly" orders in another location. Defendant City denies the remaining allegations of this paragraph.

16.     Defendant City admits that Brian Rossomanno is a police officer employed by the SLPD and holds the rank of sergeant. Further answering, Defendant City admits that Sgt. Rossomanno was a supervisor present during the mass arrest that took place during the evening of September 17, 2017. Defendant City denies the remaining allegations of this paragraph.

17.     Denied.

18.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

## FACTUAL ALLEGATIONS

19.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

20.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

21.     Defendant City admits that in the morning on September 15, 2017, St. Louis Circuit Judge Timothy Wilson issued an order acquitting former St. Louis police officer Jason Stockley of murder. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

22.     Defendant City admits that protesters gathered downtown after the Stockley verdict. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

23.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

24.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

25.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

26.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

27.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

28.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

29.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

30.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

31.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

32.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

33.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

34.     Defendant City admits that Plaintiff has accurately quoted from Judge Perry's memorandum. Defendant City lacks knowledge or information sufficient to form

a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

35.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

36.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

37.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

38.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

39.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

40.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

41.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

42.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

43.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

44.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

45.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

46.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

47.     Denied.

48.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

53.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

59.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

60.     Defendant City admits that Plaintiff's photo was taken at the scene. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

61.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

62.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

63.     Defendant City admits Plaintiff was taken to the St. Louis City Justice Center. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

64.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

65.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

66.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

67.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

68.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

69.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

70.     Denied.

71.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

72.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

73.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

74.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

75.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

76.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

77.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

78.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

79.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

80.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

81.     Defendant City admits Plaintiff met with investigators from the Internal Affairs Division and that said interview was recorded. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

82.     Defendant City admits that representatives of the City and the Post-Dispatch met, but denies such meeting resulted in the issuance of a new special order relating to the rights of journalists. Further answering, Defendant City admits Plaintiff has not been charged, but that the City has not agreed Plaintiff that will not be charged in the future. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

83.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

84.     Denied.

85.     Denied.

86.     Denied.

## COUNT I

87.     Defendant City incorporates by this reference all of its answers to the preceding allegations as though fully set forth herein.

88.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

95.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

WHEREFORE, having fully answered Count I of Plaintiff's Complaint, Defendant City of St. Louis requests that this Court dismiss the claims asserted against it in Count I with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## **COUNT II**

96. Defendant City incorporates by this reference all of its answers to the preceding allegations as though fully set forth herein.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

103. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

WHEREFORE, having fully answered Count II of Plaintiff's Complaint, Defendant City of St. Louis requests that this Court dismiss the claims asserted against it in Count II with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT III

104.    Defendant City incorporates by this reference its answers to the preceding paragraphs as though fully set forth herein. Further answering, Defendant City states that the allegations of Count III are not directed at it, and therefore no answer is required. To the extent an answer is required, Defendant City denies the allegations of Count III

## COUNT IV

110.    Defendant City incorporates by this reference all of its answers to the preceding allegations as though fully set forth herein.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

118.    The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

WHEREFORE, having fully answered Count IV of Plaintiff's Complaint, Defendant City of St. Louis requests that this Court dismiss the claims asserted against it

in Count IV with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT V

119.   Defendant City incorporates by this reference all of its answers to the preceding allegations as though fully set forth herein.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

WHEREFORE, having fully answered Count V of Plaintiff's Complaint, Defendant City of St. Louis requests that this Court dismiss the claims asserted against it in Count V with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT VI

125.   Defendant City incorporates by this reference all of its answers to the preceding allegations as though fully set forth herein.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.    Denied.

131.    Defendant City admits it is self-insured. Defendant City denies the remaining allegations of this paragraph, and specifically denies that its self-insurance acts in any way to waive its sovereign immunity from suit.

132.    Denied.

133.    Denied.

WHEREFORE, having fully answered Count VI of Plaintiff's Complaint, Defendant City of St. Louis requests that this Court dismiss the claims asserted against it in Count VI with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT VII

134.    Defendant City incorporates by this reference all of its answers to the preceding allegations as though fully set forth herein.

135.    Defendant City denies that Plaintiff was arrested and imprisoned without any legal justification. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

136.    Denied.

137.    Defendant City admits it is self-insured. Defendant City denies the remaining allegations of this paragraph, and specifically denies that its self-insurance acts in any way to waive its sovereign immunity from suit.

138.    Denied.

139.    Denied.

140.    Denied.

WHEREFORE, having fully answered Count VII of Plaintiff's Complaint, Defendant City of St. Louis requests that this Court dismiss the claims asserted against it in Count VII with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT VIII

141.    Defendant City incorporates by this reference all of its answers to the preceding allegations as though fully set forth herein.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Defendant City admits it is self-insured. Defendant City denies the remaining allegations of this paragraph, and specifically denies that its self-insurance acts in any way to waive its sovereign immunity from suit.

149.    Denied.

150.    Denied.

WHEREFORE, having fully answered Count VIII of Plaintiff's Complaint, Defendant City of St. Louis requests that this Court dismiss the claims asserted against it in Count VIII with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT IX

151.    Defendant City incorporates by this reference all of its answers to the preceding allegations as though fully set forth herein.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Defendant City admits it is self-insured. Defendant City denies the remaining allegations of this paragraph, and specifically denies that its self-insurance acts in any way to waive its sovereign immunity from suit.

156.    Denied.

157.    Denied.

WHEREFORE, having fully answered Count IX of Plaintiff's Complaint, Defendant City of St. Louis requests that this Court dismiss the claims asserted against it in Count IX with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT X

158.    Defendant City incorporates by this reference all of its answers to the preceding allegations as though fully set forth herein.

159.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

160.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

161.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

162.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

163.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

164.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

165.    Denied.

166.    Defendant City admits it is self-insured. Defendant City denies the remaining allegations of this paragraph, and specifically denies that its self-insurance acts in any way to waive its sovereign immunity from suit.

167.    Denied.

168.    Denied.

WHEREFORE, having fully answered Count X of Plaintiff's Complaint, Defendant City of St. Louis requests that this Court dismiss the claims asserted against it

in Count X with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the allegations of Plaintiff's First Amended Complaint, Defendant City of St. Louis requests that this Court dismiss the claims asserted against it with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## JURY DEMAND

Defendant City demands a jury trial on all issues triable to a jury.

## AFFIRMATIVE DEFENSES

Further answering, Defendant City affirmatively states as follows:

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff's claim for punitive damages against Defendant City is barred by the Constitution and statutes of the United States and the State of Missouri.

3.     Plaintiff is estopped from bringing this suit by his own actions or inactions, including but not limited to, Plaintiff's failure to bring claims at his first opportunity.

4.     If a defendant or another party or entity makes a settlement with Plaintiff, or if Plaintiff receives anything of value from any party, individual or entity, the amount of such payment or consideration should be treated as a payment in full satisfaction of the damages of Plaintiff, or in the alternative, that the amount of such payment or consideration should be a set off against any judgment that may be entered herein.

5.       Plaintiff's claims are barred by all applicable statutes of limitations or repose.

6.       Plaintiff failed to mitigate his damages.

7.       Plaintiff's state law assault and battery claims, to the extent such claims are asserted against City, are barred because Plaintiff consented through his conduct to the actions of Defendants.

8.       If any portion of Plaintiff's alleged damages are divisible, Defendant City asserts that such alleged damages may be subject to the doctrines of apportionment and/or alternate proximate cause.

9.       Plaintiff voluntarily assumed or exposed himself to a risk which he knew or, in the exercise of ordinary care, should have known existed.

10.      Plaintiff has no compensable damages.

11.      The rights alleged by Plaintiff to have been violated by Defendant City were not clearly established at the time.

12.      City has sovereign immunity from Plaintiff's claims.

Defendant City incorporates each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. Defendant City specifically reserves the right to amend this Answer to include additional affirmative defenses at a later time.

Respectfully submitted,

JULIAN BUSH,
City Counselor

  /s/ H. Anthony Relys
H. Anthony Relys, #63190MO
Assistant City Counselor
City Hall
1200 Market Street, Room 314
St. Louis, MO  63103
Tel: (314) 622-3361
Fax: (314) 622-4956
E-mail: relyst@stlouis-mo.gov

*Attorneys for Defendant City of St. Louis*

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2018 the foregoing **Defendant City of St. Louis's Answer to Plaintiff's First Amended Complaint** was served via the Court's electronic filing system upon all counsel of record.

  /s/ H. Anthony Relys
H. Anthony Relys
Assistant City Counselor