UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL FAULK,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18-CV-308 |
| | ) | |
| v. | ) | |
| | ) | |
| **CITY OF ST. LOUIS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT IV
BY DEFENDANT ANDREW WISMAR**

COMES NOW Defendant Andrew Wismar ("Wismar"), and in support of his Motion to Dismiss Count IV for Failure to State a Claim, states as follows:

**I.      INTRODUCTION**

Plaintiff Michael Faulk ("Plaintiff" or "Faulk") alleges various constitutional violations and state law claims against Defendant Wismar and six other individual defendants stemming from his arrest in the City of St. Louis on September 17, 2017. See Doc. 24, Second Amended Complaint ("Complaint").

Plaintiff brings suit against Wismar in his individual capacity. Doc. 24, ¶ 17. Plaintiff alleges that Defendant Wismar is employed as a police officer with the City of St. Louis police department and that he arrested Plaintiff on September 17, 2017. *Id*. Plaintiff further alleges that Wismar arrested him without probable cause and used excessive force. *Id*. at ¶ 61.

In Count IV, Plaintiff vaguely alleges that Wismar conspired with the other defendants to violate Plaintiff's civil rights. *Id*. at ¶ 112-118. Pursuant to Rule 12(b)(6), this Court should dismiss Count IV as directed against Defendant Wismar for failure to state a claim because

1

Plaintiff fails to plead sufficient facts to state a claim against Wismar for conspiracy under § 1983 and further because Wismar is entitled to qualified immunity.

## II.     LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Although the pleading standard is liberal, the plaintiff must allege facts—not mere legal conclusions—that, if true, would support the existence of the claimed torts." *Moses.com Securities v. Comprehensive Software Systems, Inc.*, 406 F.3d. 1052, 1062 (8th Cir. 2005) citing *Schaller Tel. Co. v. Golden Sky Systems*, 298 F.3d. 736, 740 (8th Cir. 2002).

While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to defeat a motion to dismiss." *Iqbal*, 556 U.S. at 678 citing *Twombly*, 550 U.S. at 556.

## III.    ARGUMENT

Government officials performing discretionary functions are shielded from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 817, 818 (1982). A court required to rule upon qualified immunity of a government official must first determine whether a favorable view of the plaintiff's alleged facts show that the official's conduct violated a constitutional right, and if it has, to determine whether the applicable

2

constitutional standards were clearly established at the time the events took place. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). As the United States Supreme Court announced in *Pearson v. Callahan*, a district court has discretion to consider which part of the test to address first. *Pearson*, 129 S. Ct. 808, 818 (2009). The issue of qualified immunity is "immunity from suit rather than a mere defense to liability," and its application must therefore be determined as early in the proceedings as possible. *Saucier*, 533 U.S. 194 at 200.

The dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted. *Saucier*, 533 U.S. at 202. This inquiry must be "undertaken in light of the specific context of the case, not as a broad general proposition" and must be "particularized" based on the facts confronting the officer. *Brosseau v. Haugen*, 543 U.S. 194 (2004); *Anderson v. Creighton*, 483 U.S. 635 (1987). Implicit in the qualified immunity analysis is the requirement that the violation must have been intentional or the result of some gross misfeasance or nonfeasance on the part of the governmental officer arising to the level of incompetence. *Anderson*, 483 U.S. 635.

Here, Wismar is entitled to qualified immunity with regard to count IV because Plaintiff has failed to sufficiently allege facts that if true would support a claim for conspiracy.

### A. COUNT IV FAILS TO PLEAD SUFFICIENT FACTS TO STATE A CLAIM AGAINST DEFENDANT WISMAR FOR CONSPIRACY UNDER § 1983 AND HE IS THEREFORE ENTITLED TO QUALIFIED IMMUNITY.

Plaintiff fails to state a claim against Defendant Wismar for conspiracy under section 1983 because the allegations in his Complaint are conclusory and merely state a formulaic recitation of the elements of conspiracy. *Twombly*, 550 U.S. at 570.

To prove a § 1983 conspiracy claim, a plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged coconspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008) citing *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999).

The facts alleged with respect to a conspiracy must be specific and may not be merely conclusory. *White v. Walsh*, 649 F.2d 560, 561 (8th Cir. 1981). "[T]here must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss." *Tracy v. SSM Cardinal Glennon Children's Hosp.*, 2016 U.S. Dist. LEXIS 89993 at *26 (E.D. Mo. July 12, 2016); *see Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). "Speculation and conjecture are not enough to prove a conspiracy exists." *Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999).

Plaintiff alleges that Wismar, together with the other defendants, "conspired together and with others, and reached a mutual understanding to undertake a course of conduct that violated Mr. Faulk's civil rights." Doc. 24, ¶ 113. Plaintiff further alleges that defendants "acting in concert, kettled and unlawfully seized Mr. Faulk without any probable cause that he had committed a crime. They later detained him in the City Justice Center for thirteen hours." *Id*. at ¶ 114(a).

The allegations set forth in paragraphs ¶¶ 113-114 are textbook "formulaic recitation[s]" of the elements of a conspiracy claim. *Twombly*, 550 U.S. at 570. Plaintiff's Complaint fails to allege any specific facts whatsoever to support an inference that Wismar had a mutual understanding or reached a "meeting of minds" with other officers, or the City itself, to use excessive force against Plaintiff, arrest him without probable cause or commit any other

4

misdeed. Plaintiff's vague allegations that Wismar "conspired" or acted "in concert" do not suffice to state a claim, and this Court should find that Plaintiff has done no more than plead a summary allegation of a conspiracy that is devoid of any factual detail.

Moreover, Plaintiff's allegation that Wismar and the other defendants "shared the conspiratorial objectives, which were to punish Mr. Faulk" is a mere conclusion. Doc. 24, ¶ 115. In fact, Plaintiff's Complaint fails to allege that Wismar was even aware of the other individual defendants' involvement in the events of September 17, 2017 or that he ever communicated or interacted with them in any way concerning Plaintiff prior to his arrest. Moreover, Plaintiff fails to plead that Wismar was even aware of Faulk's presence that evening, much less that he had reached a mutual understanding with other officers or any agent of the City that they would use excessive force against him or arrest him without probable cause.

Thus, none of the allegations in the Complaint are sufficient to permit the inference that Wismar, together with the other defendants, "directed themselves toward" Plaintiff's arrest "by virtue of a mutual understanding." *Smith v. Bacon*, 699 F.2d 434, 436-37 (8th Cir. 1983) (per curiam) (citation omitted).

Count IV and the Complaint are devoid of any specific facts tending to show a meeting of the minds among Wismar and the other defendants to deprive Plaintiff of his civil rights. The allegations in Plaintiff's Complaint therefore do not "nudge" his conspiracy claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Count IV fails to plead sufficient facts to state a claim against Defendant Wismar for conspiracy under § 1983, and he is therefore entitled to qualified immunity and dismissal is proper.

### IV. CONCLUSION

Here, Plaintiff has failed to plead sufficient facts to state a claim against Wismar for conspiracy under § 1983 that is plausible on its face. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Therefore, Wismar is entitled to qualified immunity because Count IV and the Complaint fail to allege facts from which the Court could infer that he violated Plaintiff's clearly established rights. Pursuant to Rule 12(b)(6), this Court should dismiss Count IV as directed against Defendant Wismar for failure to state a claim upon which relief may be granted.

Respectfully submitted,

JULIAN BUSH
CITY COUNSELOR

By: /s/ Erin K. McGowan
    Erin K. McGowan #64020MO
    Andrew D. Wheaton #65269MO
    1200 Market Street, Room 314
    City Hall
    St. Louis, Mo  63103
    (314) 622-3361
    (314) 622-4956 fax
    McGowanE@stlouis-mo.gov
    wheatona@stlouis-mo.gov
    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify this Memorandum in Support was electronically filed on this 14th day of January 2019 with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Erin K. McGowan