UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL FAULK, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:18-CV-308 |
| ) | |
| v. ) | |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS
COUNTS I, II, IV, VII, VIII, IX, and X OF DEFENDANTS
GERALD LEYSHOCK, SCOTT BOYHER, TIMOTHY SACHS,
RANDY JEMERSON, MATTHEW KARNOWSKI, AND BRIAN ROSSOMANNO**

COME NOW Defendants Col. Gerald Leyshock, Lt. Scott Boyher, Lt. Timothy Sachs, Sgt. Randy Jemerson, Sgt. Matthew Karnowski, and Sgt. Brian Rossomanno (collectively referred to herein as "Defendants"), and in support of their Motion to Dismiss for Failure to State a Claim, state as follows:

**I.  INTRODUCTION**

Plaintiff Michael Faulk's ("Faulk" or "Plaintiff") Second Amended Complaint ("Complaint") alleges various constitutional violations and state law claims stemming from Plaintiff's arrest in the City of St. Louis on September 17, 2017. Doc. 24.

Plaintiff brings suit against Col. Gerald Leyshock, Lt. Scott Boyher, Lt. Timothy Sachs, Sgt. Randy Jemerson, Sgt. Matthew Karnowski, and Sgt. Brian Rossomanno in their individual capacities. Doc, 24, ¶¶ 11-16. Plaintiff should dismiss the Defendants because Plaintiff has failed to sufficiently allege that they, through their own individual conduct, violated Plaintiff's civil rights. Plaintiff's allegations against the Defendants are as follows:

**a.  Plaintiff's claims against Leyshock**

1

Plaintiff's allegations against Leyshock are as follows: 1) he was employed as a police officer with the SLMPD; 2) he has the rank of lieutenant colonel; and 3) Leyshock was the incident commander during the events of September 17, 2017. Doc. 24, ¶ 11. Plaintiff's Complaint contains no other factual allegations concerning Leyshock's conduct on September 17, 2017.

### b. Plaintiff's claims against Boyher

Plaintiff's allegations against Boyher are as follows: 1) he is employed as a police officer with the SLMPD; 2) he has the rank of lieutenant; and 3) he was on the ground supervising SLMPD officers during the events of September 17, 2017. Doc. 24, ¶ 12. Plaintiff's Complaint contains no other factual allegations concerning Boyher's conduct on September 17, 2017.

### c. Plaintiff's claims against Sachs

Plaintiff's allegations against Sachs are as follows: 1) he is employed as a police officer with the SLMPD; 2) he has the rank of lieutenant; 3) he was on the ground supervising SLMPD officers during the events of September 17, 2017; and 4) he ordered the use of chemical agents and brought SLMPD's Civil Disobedience Team to the scene of the mass arrest. Doc. 24, ¶ 13. Plaintiff's Complaint contains no other factual allegations concerning Sachs' conduct on September 17, 2017.

### d. Plaintiff's claims against Jemerson

Plaintiff's allegations against Jemerson are as follows: 1) he is employed as a police officer with the SLMPD; 2) he has the rank of sergeant; 3) he is a supervisor with the SLMPD's Civil Disobedience Team, a team tasked with handling protests and incidents of civil unrest; 4) Mr. Jemerson was on the ground supervising SLMPD officers during the events of September

17, 2017. Doc. 24, ¶ 14. Plaintiff's Complaint contains no other factual allegations concerning Jemerson's conduct on September 17, 2017.

### e. Plaintiff's claims against Karnowki

Plaintiff's allegations against Karnowski are as follows: 1) he is employed as a police officer with the SLMPD; 2) he has the rank of sergeant; 3) he was on the ground supervising SLMPD officers during the events of September 17, 2017; and 4) he declared the protests an "unlawful assembly" earlier in the evening, which SLMPD used as a predicate to the arrests and use of chemical agents. Doc. 24, ¶ 15. Plaintiff's Complaint contains no other factual allegations concerning Karnowski's conduct on September 17, 2017.

### f. Plaintiff's claims against Rossomanno

Plaintiff's allegations against Rossomanno are as follows: 1) he is employed as a police officer with the SLMPD; 2) he has the rank of sergeant; 3) he is a supervisor with the SLMPD's Civil Disobedience Team, a team tasked with handling protests and incidents of civil unrest; and 4) he was on the ground supervising SLMPD officers during the events of September 17, 2017. Doc. 24, ¶ 16. Plaintiff's Complaint contains no other factual allegations concerning Rossomanno's conduct on September 17, 2017.

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Although the pleading standard is liberal, the plaintiff must allege facts—not mere legal conclusions—that, if true, would support the existence of the claimed torts." *Moses.com Securities v. Comprehensive Software Systems, Inc.*,

406 F.3d. 1052, 1062 (8th Cir. 2005) citing *Schaller Tel. Co. v. Golden Sky Systems*, 298 F.3d. 736, 740 (8th Cir. 2002).

While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to defeat a motion to dismiss." *Iqbal*, 556 U.S. at 678 citing *Twombly*, 550 U.S. at 556.

### III. ARGUMENT

Government officials performing discretionary functions are shielded from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 817, 818 (1982). A court required to rule upon qualified immunity of a government official must first determine whether a favorable view of the plaintiff's alleged facts show that the official's conduct violated a constitutional right, and if it has, to determine whether the applicable constitutional standards were clearly established at the time the events took place. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). As the United States Supreme Court announced in *Pearson v. Callahan*, a district court has discretion to consider which part of the test to address first. *Pearson*, 129 S. Ct. 808, 818 (2009). The issue of qualified immunity is "immunity from suit rather than a mere defense to liability," and its application must therefore be determined as early in the proceedings as possible. *Saucier*, 533 U.S. 194 at 200.

The dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he

4

confronted. *Saucier*, 533 U.S. at 202. This inquiry must be "undertaken in light of the specific context of the case, not as a broad general proposition" and must be "particularized" based on the facts confronting the officer. *Brosseau v. Haugen*, 543 U.S. 194 (2004); *Anderson v. Creighton*, 483 U.S. 635 (1987). Implicit in the qualified immunity analysis is the requirement that the violation must have been intentional or the result of some gross misfeasance or nonfeasance on the part of the governmental officer arising to the level of incompetence. *Anderson*, 483 U.S. 635. Here, Defendants are entitled to qualified immunity with regard to counts I, II, and IV because Plaintiff fails to allege any personal misconduct by Defendants and Defendants therefore did not violate any clearly established constitutional rights of which a reasonable person would have known.

### A. COUNT I FAILS TO STATE A CLAIM AGAINST THE DEFENDANTS BECAUSE PLAINTIFF FAILS TO ALLEGE ANY PERSONAL MISCONDUCT BY DEFENDANTS, AND THEREFORE EACH DEFENDANT IS PROTECTED BY QUALIFIED IMMUNITY.

In Count I Plaintiff alleges that Defendants' "actions violated Mr. Faulk's rights under the First Amendment to freedom of the press and freedom of speech by interfering with his ability to gather information and cover a matter of public interest as a member of the media." Doc. 24, ¶ 91. Plaintiff further alleges that Defendants "violated Mr. Faulk's rights under the First Amendment by isolating him from other arrestees and refusing to allow him back into the cell with other arrestees unless he forfeited his pen and paper." *Id*. at ¶ 92. Plaintiff's allegations fail to allege personal misconduct by the Defendants and are wholly inadequate to impose liability under § 1983 against the Defendants in their individual capacities.

Government officials like the Defendants are personally liable only for their own misconduct. *Iqbal*, 556 U.S. at 677; *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th

5

Cir. 1997); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Thus, "[t]he doctrine of qualified immunity requires an *individualized* analysis of each officer's alleged conduct." *Walton v. Dawson*, 752 F.3d 1109, 1125 (8th Cir. 2014) (quotation omitted).

Here, Plaintiff fails to allege any facts tending to show that Leyshock, Boyher, Sachs, Jemerson, Karnowski, or Rossomanno were personally involved in his arrest or his detention at the City Justice Center. Instead, Plaintiff merely alleges that the Defendants occupied supervisory positions and that some of the Defendants were "on the ground supervising SLMPD officers during the events of September 17, 2017." Doc. 24, ¶¶ 11-16. However, Plaintiff fails to identify any personal conduct by any of these Defendants that could constitute a constitutional violation. Moreover, Plaintiff fails to allege that the Defendants were physically present for any portion of his detention at the City Justice Center.

To the extent that Plaintiff alleges that the Defendants are liable for constitutional violations by virtue of their supervisory positions, that allegation is insufficient to state a claim under ¶ 1983. In fact, a general responsibility for supervising operations is insufficient to establish the personal involvement necessary to support liability. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

Plaintiff has failed to identify any personal conduct by the Defendants that he claims violated his First Amendment rights. For this reason, Defendants are shielded by qualified immunity, and Plaintiff's Count I must be dismissed.

> **B. COUNT II FAILS TO STATE A CLAIM AGAINST THE DEFENDANTS BECAUSE PLAINTIFF FAILS TO ALLEGE ANY PERSONAL MISCONDUCT BY DEFENDANTS AND DEFENDANTS ARE PROTECTED BY QUALIFIED IMMUNITY.**

Count II suffers from the same deficiencies as Count I, and is likewise insufficient to state a claim against the Defendants in their individual capacities. In Count II Plaintiff alleges

6

that Defendants arrested Plaintiff without arguable probable cause in violation of the Fourth and Fourteenth Amendments. Plaintiff however, has failed to allege facts from which the Court could reasonably infer that the Defendants' personal conduct caused his arrest. Doc. 24, ¶¶ 98-104.

As discussed above, the Defendants are personally liable only for their own misconduct. *Iqbal*, 556 U.S. at 677; *Krigbaum*, 808 F.3d at 340. Here, Plaintiff has merely alleged that the Defendants had supervisory responsibility during the events of September 17, 2017. That allegation is insufficient to state a claim against Defendants. *Keeper*, 130 F.3d at 1314.

For this reason, Defendants are shielded by qualified immunity, and Plaintiff's Count II fails to state a claim upon which relief can be granted.

### C. COUNT IV FAILS TO PLEAD SUFFICIENT FACTS TO STATE A CLAIM AGAINST DEFENDANTS FOR CONSPIRACY UNDER § 1983 AND DEFENDANTS ARE THEREFORE ENTITLED TO QUALIFIED IMMUNITY.

Plaintiff fails to state a claim against Defendants for conspiracy under section 1983 because the allegations in his Complaint are conclusory and merely state a formulaic recitation of the elements of conspiracy. *Twombly*, 550 U.S. at 570.

To state a § 1983 conspiracy claim, a plaintiff must plead: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged coconspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008) citing *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999).

The facts alleged with respect to a conspiracy must be specific and may not be merely conclusory. *White v. Walsh*, 649 F.2d 560, 561 (8th Cir. 1981). "[T]here must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss." *Tracy v. SSM Cardinal Glennon Children's Hosp.*, 2016 U.S. Dist. LEXIS 89993 at

7

\*26 (E.D. Mo. July 12, 2016); *see Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). "Speculation and conjecture are not enough to prove a conspiracy exists." *Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999).

Plaintiff alleges that Defendants, "acting in their individual capacities and under color of law, conspired together and with others, and reached a mutual understanding to undertake a course of conduct that violated Mr. Faulk's civil rights." Doc. 24, ¶ 113. Plaintiff further alleges that the defendants "acting in concert, kettled and unlawfully seized Mr. Faulk without any probable cause that he had committed a crime. They later detained him in the City Justice Center for thirteen hours." *Id*. at ¶ 114(a).

The allegations set forth in paragraphs ¶¶ 113-114 are textbook "formulaic recitation[s]" of the elements of a conspiracy claim. *Twombly*, 550 U.S. at 570. Plaintiff's Complaint fails to allege any specific facts whatsoever to support an inference that Leyshock, Boyher, Sachs, Jemerson, Karnowski, and Rossomanno had a mutual understanding or a "meeting of minds" to use excessive force against Plaintiff, arrest him without probable cause or perform any other misdeed. Plaintiff allegations that these individual defendants "conspired together" or acted "in concert" do not suffice to state a claim, and this Court should find that Plaintiff has done no more than plead a summary allegation of a conspiracy that is devoid of any factual detail.

Moreover, Plaintiff's allegation that Defendants "shared the conspiratorial objectives, which were to punish Mr. Faulk" is pure conclusion. Doc. 24, ¶ 115. In fact, Plaintiff's Complaint fails to allege that any of these officers were even aware of each other's involvement in the events of September 17, 2017 or had communicated or interacted in any way about Faulk prior to his arrest, much less that these Defendants were aware of Faulk's presence that evening and had reached mutual understanding that they would use excessive force against him or arrest

8

him without probable cause. Thus, none of these allegations in the Complaint are sufficient to permit the inference that these Defendants "directed themselves toward" Plaintiff's arrest "by virtue of a mutual understanding." *Smith v. Bacon*, 699 F.2d 434, 436-37 (8th Cir. 1983) (per curiam) (citation omitted)

Count IV and the Complaint are devoid of any specific facts tending to show a meeting of the minds among these Defendants to deprive Plaintiff of his civil rights. The allegations in Plaintiff's Complaint do not "nudge" his conspiracy claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Count IV fails to state a claim and dismissal is proper. Moreover, because Count IV fails to allege facts from which this Court could infer that defendants violated Plaintiff's clearly established constitutional rights, Defendants are entitled to qualified immunity.

### D. THIS COURT SHOULD DISMISS COUNT VII BECAUSE PLAINTIFF HAS NOT PLED SUFFICIENT FACTS TO STATE A CLAIM OF FALSE IMPRISONMENT AND DEFENDANTS ARE PROTECTED BY OFFICIAL IMMUNITY.

In Count VII, Plaintiff alleges that he "was arrested and imprisoned without any legal justification" and asserts a claim for false imprisonment under Missouri state law. Doc. 24, ¶¶ 136-142. This Court should dismiss Count VII because Plaintiff has failed to state a claim and Defendants are protected by official immunity.

Under Missouri law, false imprisonment, or false arrest, is "the confinement, without legal justification, by the wrongdoer of the person wronged." *Highfill v. Hale*, 186 S.W.3d 277, 280 (Mo. 2006) citing *Warrem v. Parrish*, 436 S.W.2d 670, 672 (Mo. 1969). A defendant may be liable for false arrest if he actually arrests or restrains a person, or if he encourages, causes, promotes or instigates the arrest or restraint by another. *Taylor v. Isom*, 2013 U.S. Dist. LEXIS 62837 at *24 (Mo. E.D. May 2, 2013) citing *Day v. Wells Fargo Guard Service Co.*, 711

9

S.W.2d 503, 504-05 (Mo. banc 1986); *Smith v. Allied Supermarkets, Inc.*, 524 S.W.2d 848 (Mo. banc 1975). The elements required to prove false arrest and false imprisonment are identical in Missouri. *Id.* at *24-*25 citing *Rustici v. Weidemeyer*, 673 S.W.2d 762, 767 (Mo. banc 1984).

Plaintiff fails to sufficiently allege a claim of false imprisonment against the Defendants because he has not alleged facts tending to suggest that any of the Defendants personally encouraged, caused, promoted or instigated Plaintiff's arrest. In fact, Plaintiff's Complaint fails to plead any fact suggesting that the Defendants were involved in any capacity whatsoever with his arrest, or much less, that Defendants were aware of Faulk's presence during the events of September 17, 2017. Rather, Plaintiff's allegation is that he "was arrested and imprisoned without any legal justification *by Defendant Does*." Doc. 24, ¶ 137 (emphasis added). Because Plaintiff's Complaint lacks any factual allegations tending to show that the Defendants, by their own actions, caused, promoted, encouraged or instigated his arrest, Count VII fails to state a claim.

Count VII further fails to state a claim because Defendants are protected by official immunity. In the event that the Court finds that Plaintiff has sufficiently stated the elements of false imprisonment, this Court should find that Plaintiff's claim for false imprisonment against Defendants is barred by official immunity.

Official immunity provides protection to public officials acting within the scope of their authority from liability for negligence related to the performance of their discretionary acts or omissions. *Davis v. Lambert–St. Louis Intern. Airport,* 193 S.W.3d 760, 763 (Mo. banc 2006); *Kanagawa v. State*, 685 S.W.2d 831, 835 (Mo. banc 1985). Official immunity is designed to protect individual public officers who, despite imperfect information and limited resources, must exercise discretion in the performance of their duties. *Davis,* 193 S.W.3d at 765. Under the

doctrine of official immunity, public officials acting within the scope of their authority are not liable for injuries arising from their discretionary acts or omissions. *Kanagawa*, 685 S.W.2d at 835. However, official immunity does not apply to those discretionary acts done in bad faith or with malice. *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 446 (Mo. banc 1986).

Here, Plaintiff has not sufficiently pled that Defendants acted with malice or bad faith in encouraging, causing, promoting or instigating his arrest. "A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another. An act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others." *Twiehaus*, 706 S.W.2d at 447 (internal punctuation and quoted case omitted). "Bad faith, although not susceptible of concrete definition, embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud." *Id*. (brackets and quoted case omitted). "[B]ad faith or malice in this context ordinarily contains a requirement of actual intent to cause injury." *Id*.

Here, Plaintiff has vaguely alleged, at best, that Leyshock, Boyher, Sachs, Jemerson, Karnowski, and Rossomanno participated in the events of September 17, 2017 in supervisory capacities. Doc. 24, ¶¶ 11-16. Plaintiff, however, alleges no facts suggesting that the Defendants were aware of Plaintiff's presence and encouraged, caused, promoted, or instigated his arrest and did so with actual intent to cause him injury. Bare allegations of malice, without more, are not sufficient to satisfy the bad-faith exception to official immunity. See *Stephens v. Dunne*, 453 S.W. 241, 250 (Mo. Ct. App. 2014) (plaintiff failed to state claim where she did not allege

11

"intent to cause harm to decedent" or "state facts from which it could be inferred [defendants] acted in bad faith or from improper or wrongful motive.")

Because Plaintiff has not adequately alleged that the Defendants took actions leading to his arrest that were motivated by malice or bad faith, the Defendants are protected by official immunity, and Count VII fails to state a claim upon which relief can be granted.

### E. THIS COURT SHOULD DISMISS COUNT VIII BECAUSE PLAINTIFF HAS NOT ADEQUATELY PLED THE ELEMENTS OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND DEFENDANTS ARE PROTECTED BY OFFICIAL IMMUNITY.

In Count VIII Plaintiff alleges that Defendants are liable for the state law claim of intentional infliction of emotional distress. Count VIII should be dismissed for failure to state a claim because Plaintiff has failed to sufficiently plead the elements of intentional infliction of emotional distress and because Defendants are protected by official immunity.

"Not just any wrongful conduct is a sufficient predicate for the tort of intentional infliction of emotional distress." *Crow v. Crawford & Co.*, 259 S.W.3d 104, 119 (Mo. App. 2008) *citing Thomas v. Special Olympics Mo. Inc,* 31 S.W.3d 442, 446 (Mo. App. 2000). "There are a number of essential elements: (1) the defendant's conduct must be outrageous or extreme; (2) the defendant must act intentionally or recklessly; (3) there must be extreme emotional distress that results in bodily harm; (4) caused by the defendant's conduct; and (5) the conduct must be intended solely to cause extreme emotional distress to the victim." *Id*. "It is a matter for the trial court to determine, in the first instance, whether a defendant's conduct may reasonably be regarded as so outrageous and extreme as to permit recovery." *Id*. citing *Thornburg v. Federal Express Corp.*, 62 S.W.3d 421, 428 (Mo. App. 2001) quoting *Viehweg v. Vic Tanny International of Missouri, Inc.*, 732 S.W.2d 212, 213 (Mo. App. 1987).

Here, Plaintiff pleads the following allegations: 1) Defendants' actions "caused Mr. Faulk severe emotional distress that has resulted in bodily harm," 2) Defendants' "sole motivation was to cause emotional distress to Plaintiff and the other protesters," and 3) "as a direct result of the conduct of Defendants described herein, Mr. Faulk suffered damages including: physical injury, emotional trauma, great concern for his own safety fear, apprehension, depression," among other things. Doc. 24, ¶¶ 146-148.

Plaintiffs' allegations contained in Count VIII are mere boilerplate and amount to no more than "threadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 citing *Twombly*, 550 U.S. at 556. Plaintiff's Complaint has alleged, at best, that Leyshock, Boyher, Sachs, Jemerson, Karnowski, Rossomanno participated in the events of September 17, 2017 in supervisory capacities. Doc. 24, ¶¶ 11-16.

Plaintiff fails to sufficiently allege any facts whatsoever tending to show that any of these Defendants intentionally or recklessly acted in an extreme or outrageous way. In addition, Plaintiff fails to sufficiently allege that inflicting emotional distress on Plaintiff was the sole motivating factor for the conduct Defendants took in their supervisory capacities. Again, Plaintiff has not pled that Defendants were even aware of Faulk's presence during the events of September 17, 2017. For these reasons, Plaintiff fails to state a claim for intentional infliction of emotional distress, and Count VIII should be dismissed for failure to state a claim.

Defendants further are shielded from Plaintiff's claim of intentional infliction of emotional distress by the doctrine of official immunity because arresting and using force to affect an arrest are discretionary acts. See *Davis,* 193 S.W.3d at 763 (official immunity protects public officials from liability related to the performance of their discretionary acts); *Blue v. Harrah's N. Kan. City, LLC*, 170 S.W.3d 466, 479 (Mo. App. 2005) ("Deciding whether or not to arrest

someone is a matter of discretion—the officer must decide what course should be pursued based on the circumstances at hand.")

First, there are no facts pled that suggest the Defendants were personally involved in his arrest or in the alleged use of force against him or that Defendants acted with bad faith or with malice. See *Stephens*, 453 S.W. at 250 (bare allegations of malice are not sufficient to satisfy the bad-faith exception); see also *White v. Jackson*, 865 F.3d 1064, 1076 (8th Cir. 2017) citing *Reasonover v. St. Louis Cty.*, 447 F.3d 569, 585-86 (8th Cir. 2006) ("specific evidence" of bad faith or malice is necessary to defeat official immunity).

Because Plaintiff has not sufficiently alleged that Defendants participated directly in his arrest or the use of force and have not sufficiently alleged malice or bad faith, Defendants are shielded by official immunity against Plaintiff's state law claim of intentional infliction of emotional distress, and for this additional reason, Count VIII should be dismissed.

### F. THIS COURT SHOULD DISMISS COUNT IX BECAUSE PLAINTIFF HAS NOT ADEQUATELY PLED FACTS TO SUPPORT EACH ELEMENT OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND DEFENDANTS ARE PROTECTED BY OFFICIAL IMMUNITY.

In Count IX Plaintiff alleges that Defendants are liable for the state law claim of negligent infliction of emotional distress. Count IX should be dismissed for failure to state a claim because Plaintiff has failed to sufficiently plead the elements of negligent infliction of emotional distress and because Defendants are protected by official immunity.

To state a claim for negligent infliction of emotional distress, a plaintiff "must plead the general elements of negligence—that is, 'a legal duty of the defendant to protect the plaintiff from injury,' a breach of that duty, proximate cause, and injury—as well as two additional elements—'that the defendant should have realized that his conduct involved an unreasonable risk of causing distress' and 'that the emotional distress or mental injury must be medically

14

diagnosable and must be of sufficient severity so as to be medically significant.'" *Couzens v. Donohue*, 854 F.3d 508, 518 (8th Cir. 2017) citing *Thornburg v. Fed. Express Corp.*, 62 S.W.3d 421, 427 (Mo. App. 2001).

Here, Plaintiff alleges vaguely that "Defendants realized or should have realized that their conduct posed an unreasonable risk to Mr. Faulk" and that he "suffered emotional distress or mental injury that is medically diagnosable and sufficiently severe to be medically significant as a result of Defendants' actions." Doc. 24, ¶¶ 154-155. Once again, Plaintiff's allegations are merely boilerplate recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. As such, they are insufficient to state a claim against the Defendants. Moreover, Count IX further fails to state a claim because Plaintiff has not sufficiently pled that the Defendants owed Plaintiff a legal duty to protect him from injury.

In addition, Plaintiff has not pled facts sufficient to overcome Defendants' official immunity. See *Davis*, 193 S.W.3d at 763 (official immunity provides protection to public officials from liability related to the performance of their discretionary acts); *Blue*, 170 S.W.3d at 479 (deciding to make an arrest is discretionary). Here, there are no facts pled that suggest the Defendants were personally involved in his arrest or in the alleged use of force against him or that Defendants acted with bad faith or with malice. Therefore, official immunity bars Plaintiff's claim of intentional infliction of emotional distress. See *Conway v. St. Louis County*, 254 S.W.3d 159, 166 (Mo. App. 2008) (holding that police defendants were protected by official immunity from tort liability regarding any potential emotional distress negligently inflicted upon mother as a result of the shooting death of her son).

Because Plaintiff has not sufficiently alleged that Defendants participated directly in his arrest or the use of force and has not sufficiently alleged malice or bad faith, Defendants are

15

shielded by official immunity against Plaintiff's state law claim of intentional infliction of emotional distress, and for this additional reason, Count IX should be dismissed.

### G. THIS COURT SHOULD DISMISS COUNT X BECAUSE PLAINTIFF HAS NOT ADEQUATELY PLED THE ELEMENTS OF A CONVERSION CLAIM AND DEFENDANTS ARE PROTECTED BY OFFICIAL IMMUNITY.

Plaintiff's Count X purports to state a state law claim for conversion against the Defendants. For the following reasons, this Court should dismiss Count X because Plaintiff has failed to state a claim and Defendants are protected by official immunity.

In Count X Plaintiff alleges that his bicycle was seized by City officers during his arrest, and he claims that Defendants are liable for the tort of conversion. Doc. 24, ¶¶ 160-170. "In modern law, conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Lacks v. R. Rowland & Co.*, 718 S.W.2d 513, 520-21 (Mo. App. 1986) (citations omitted). Conversion may be proved in one of three ways: (1) by tortious taking; (2) by any use or appropriation to the use of the person in possession indicating a claim of right in opposition to the rights of the owner; or (3) by refusal to give up possession to the owner on demand. *Id*. at 521 (citation omitted).

Here, Plaintiff fails to sufficiently allege a claim of conversion against the Defendants because he has not alleged facts tending to suggest that any of the Defendants personally exercised dominion or control over his bicycle. *Lacks*, 718 S.W.2d at 520-21. Plaintiff's Complaint fails to plead any facts suggesting that any of the Defendants were involved with the seizure of his bike or otherwise ordered the seizure of his bicycle by another officer. In fact, Plaintiff fails to plead facts tending to show that Defendants were even aware that Faulk was present with a bicycle or that a bicycle was seized, period.

In the event that the Court finds that Plaintiff has sufficiently set forth the elements to state a claim for conversion, this Court should further find that Plaintiff's claim for conversation against Defendants is barred by official immunity. Here, Plaintiff has not adequately alleged that Defendants participated in the seizure of his bicycle or that they did so with malice or bad faith. Moreover, there are no factual allegations tending to show that the Defendants actually intended to cause injury to Faulk by seizing his bicycle.

Because Plaintiff has not sufficiently alleged facts tending to suggest that any of the Defendants exercised dominion or control over his bicycle and has not sufficiently alleged malice or bad faith, Defendants are shielded by official immunity against Plaintiff's state law claim of conversion, and for this additional reason, Count X should be dismissed.

Respectfully submitted,

JULIAN BUSH
CITY COUNSELOR

By: /s/ Erin K. McGowan
Erin K. McGowan #64020MO
Andrew D. Wheaton #65269MO
1200 Market Street, Room 314
City Hall
St. Louis, Mo 63103
(314) 622-3361
(314) 622-4956 fax
McGowanE@stlouis-mo.gov
wheatona@stlouis-mo.gov
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify this Memorandum in Support was electronically filed on this 14th day of January 2019 with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Erin K. McGowan

17