**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL FAULK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 4:18-CV-308** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF ST. LOUIS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER OF DEFENDANT CITY OF ST. LOUIS
TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

COMES NOW Defendant City of St. Louis' ("City") and answers the allegations of Plaintiff Michael Faulk's ("Faulk") Fourth Amended Complaint (doc. 75) as follows:

**INTRODUCTION**

1.      Defendant City admits that Plaintiff was arrested on September 17, 2017, but denies that his arrest was unlawful or that Plaintiff Faulk was assaulted. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

**JURISDICTION AND VENUE**

2.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

3.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

4.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

5.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

6.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

7.      Defendant City admits that Plaintiff purports to demand a trial by jury. Because Defendant City denies that Plaintiff's claims are cognizable, Defendant denies Plaintiff is entitled to a jury trial.

## PARTIES

8.      Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

9.      Defendant City admits the City is a constitutional charter city organized pursuant to the Missouri Constitution and the laws of the State of Missouri. Defendant City denies the remaining allegations in this paragraph.

10.      In response to paragraph 10, Defendant City admits only that the City's Police Department is a division of the City's Department of Public Safety. Defendant City denies the remaining allegations in this paragraph.

11.     Defendant admits only that the Public Facilities Protection Corporation ("PFPC") is a fund used to pay for settlements and judgments rendered against the City and City employees. Defendant City denies the remaining allegations in this paragraph.

12.     Defendant City admits that Gerald Leyshock is a police officer employed by the St. Louis Police Department ("SLPD") and holds the rank of lieutenant colonel. Further answering, Defendant City admits that Lt. Col. Leyshock was the incident commander during the mass arrest that took place during the evening of September 17, 2017. Defendant City denies the remaining allegations in this paragraph.

13.      Defendant City admits that Scott Boyher is a police officer employed by the SLPD and holds the rank of lieutenant. Defendant City denies that Lt. Boyher was present at the scene of the mass arrest during the evening of September 17, 2017. Defendant City denies the remaining allegations in this paragraph.

14.     Defendant City admits that Timothy Sachs is a police officer employed by SLPD and holds the rank of lieutenant. Further answering Defendant City admits Lt. Sachs was a supervisor present during the mass arrest that took place during the evening of September 17, 2017. Defendant City denies the remaining allegations of this paragraph.

15.     Defendant City admits that Randy Jemerson is a police officer employed by the SLPD and that he supervises the SLPD's civil disobedience teams. Further answering, Defendant City admits that Jemerson was a supervisor present during the mass arrest that took place during the evening of September 17, 2017. Defendant City denies the remaining allegations of this paragraph.

16.     Defendant City admits that Matthew Karnowski is a police officer employed by the SLPD and holds the rank of sergeant. Further answering, Defendant City admits that Sgt.

Karnowski was a supervisor present during the mass arrest that took place during the evening of September 17, 2017, and that earlier that evening, Sgt. Karnowski had issued "unlawful assembly" orders in another location. Defendant City denies the remaining allegations of this paragraph.

17.     Defendant City admits that Brian Rossomanno is a police officer employed by the SLPD and holds the rank of sergeant. Further answering, Defendant City admits that Sgt. Rossomanno was a supervisor present during the mass arrest that took place during the evening of September 17, 2017. Defendant City denies the remaining allegations of this paragraph.

18.     Defendant City admits that Andrew Wismar is a police officer employed by the SLPD. Further answering, Defendant City admits that Wismar helped to arrest Faulk. Defendant City denies the remaining allegations of this paragraph.

19.     Denied.

20.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

**FACTUAL ALLEGATIONS**

21.     Defendant City admits that in the morning on September 15, 2017, St. Louis Circuit Judge Timothy Wilson issued an order acquitting former St. Louis police officer Jason Stockley of murder. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

22.     Defendant City admits that protesters gathered downtown after the Stockley verdict. Defendant City lacks knowledge or information sufficient to form a belief as to the truth

4

or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

23.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

24.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

25.     Denied.

26.     Defendant City admits that the Stockley protests resulted in property damage, including broken windows and broken flower pots. Defendant otherwise denies the allegations paragraph 26.

27.     Defendant City denies the allegations in paragraph 27, including subparts (a)-(j).

28.     Denied.

29.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

30.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

31.     In response to paragraph 31, Defendant City states that the temporary restraining order issued by Judge Carol E. Jackson on December 11, 2014 speaks for itself. Defendant otherwise denies the allegations paragraph 31.

32.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

33.     In response to paragraph 33, Defendant City states only that the settlement agreement entered into by the City on March 25, 2015 and referenced in Exhibit 75-2 speaks for itself. Defendant otherwise denies the allegations paragraph 33.

34.     Denied.

35.     Denied.

36.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

37.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

38.     Denied.

39.     Denied.

40.     In response to paragraph 40, Defendant City states that the testimony provided by Defendant Rossomanno on October 19, 2017 during the preliminary injunction hearing in *Ahmad*, *et al*. *v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations paragraph 40.

41.     Defendant City admits that he is not aware of Plaintiff's participation in the destruction of property on the 900, 1000, 1100 blocks of Olive Street in downtown St. Louis.

42.     In response to paragraph 42, Defendant City states that the testimony provided by Defendant Rossomanno on October 19, 2017 during the preliminary injunction hearing in *Ahmad, et al. v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations paragraph 42.

43.     Defendant City denies the allegation in paragraph 43.

44.     In response to paragraph 44, Defendant City states that the testimony provided by Defendant Rossomanno on October 19, 2017 during the preliminary injunction hearing in *Ahmad, et al. v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations paragraph 44.

45.     In response to paragraph 45, Defendant City states that the testimony provided by Defendant Rossomanno on October 19, 2017 during the preliminary injunction hearing in *Ahmad, et al. v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations paragraph 45.

46.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

47.     Denied.

48.     In response to paragraph 48, Defendant City states that the testimony provided by Defendant Sachs on October 18 and 19, 2017 during the preliminary injunction hearing in *Ahmad, et al. v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations paragraph 48.

49.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

50.     In response to paragraph 50, Defendant City states that the testimony provided by Defendant Karnowski on October 19, 2017 during the preliminary injunction hearing in *Ahmad, et al. v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations paragraph 50.

51.     Defendant City admits that there are condominiums, apartment buildings and businesses within the vicinity of Washington Avenue and Tucker Boulevard. Defendant otherwise denies the allegations in paragraph 51.

52.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

53.     Denied.

54.     Defendant City admits that sometime approximately at or around 11 p.m. officers began forming into lines.

55.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

56.     Defendant City admits that Civil Disobedience Team officers were present that evening.  Defendant City denies any remaining allegations in paragraph 56.

57.     Defendant City admits that sometime prior to Plaintiff's arrest on September 17, 2017 a line of officers assembled across Washington Avenue one block west of Tucker Boulevard. Defendant City denies any remaining allegations in paragraph 57.

58.     Defendant City admits that sometime prior to Plaintiff's arrest on September 17, 2017 a line of officers assembled across Tucker Boulevard one block north of Washington Avenue. Defendant City denies any remaining allegations in paragraph 58.

59.     Defendant City admits that sometime prior to Plaintiff's arrest on September 17, 2017 a line of officers assembled across Tucker Boulevard one block south of Washington Avenue. Defendant City denies any remaining allegations in paragraph 59.

60.     Defendant City admits that officers in these lines were wearing helmets and masks and that some of these officers were carrying batons and some were carrying protective shields. Defendant otherwise denies the allegations in paragraph 60.

61.     Defendant City admits that sometime prior to Plaintiff's arrest on September 17, 2017 a line of officers assembled across Washington Avenue one half block east of Tucker Boulevard. Defendant City denies any remaining allegations in paragraph 61.

62.     Defendant City admits that some of the officers assembled across Washington Avenue east of Tucker were carrying bicycles and that Lieutenant Boyher is the commander of the bicycle response team. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

63.     Admit.

64.     Denied.

65.     Defendant City admits that some officers banged batons as they approached. Defendant otherwise denies the remaining allegations in paragraph 65.

66.     Admit.

67.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

68.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

69.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

70.     Admits.

71.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

72.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

73.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

74.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

75.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

76.     Denied.

77.     Defendant City admits only that Lieutenant Boyher is the commander of the bicycle response team. Defendant otherwise denies the allegations in paragraph 77.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Defendant City admits that officers used plastic zip ties to effect arrests. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

89.     Defendant City admits that more than 100 people were arrested.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

95.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

96.     Defendant City admits that four City police officers were indicted in 2018 by a federal grand jury for alleged conduct during the Stockley protests on September 17, 2017. Defendant otherwise denies the allegations in paragraph 96.

97.     In response to the allegations in paragraph 97, Defendant City states that Police Department Special Order 8-03 speaks for itself.

98.     Denied.

99.     Denied.

100.    Denied.

101.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

102.     Denied.

103.     Denied.

104.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

105.     Denied.

106.     Denied.

107.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

108.     Denied.

109.     Defendant City admits only that in October 2017 the City Counselor's Office issued letters to certain individuals arrested for ordinance violations and advised them that they were released from any obligation to appear in Municipal Court on October 18, 2017. Further answering, Defendant City states that that the October 2017 letters speak for themselves. Defendant otherwise denies the allegations in paragraph 109.

110.     In response to paragraph 110, Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 110.

111.     In response to paragraph 111, Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 111.

112.     In response to paragraph 112, Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 112.

113.     In response to paragraph 113, Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 113.

114.     In response to paragraph 114, Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 114.

115.     In response to paragraph 115, Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 115.

116.     In response to paragraph 116, Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 116.

117.     In response to paragraph 117, Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 117.

118.     In response to paragraph 118, Defendant City states that the transcript of the closing argument made by Associate City Counselor Tony Relys on October 23, 2017 and the

Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speak for themselves. Defendant otherwise denies the allegations in paragraph 118.

119.   In response to paragraph 119, and subparts (a)-(k), Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 119.

120.   Denied.

121.   Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

122.   Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

123.   Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

124.   Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

125.   Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

126.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

127.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

128.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

129.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

130.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

131.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

132.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

133.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

134.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

135.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

136.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

137.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

138.    Denied.

139.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

140.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

141.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

142.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

143.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

144.    Denied.

145.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

146.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

147.    Denied.

148.    Denied.

149.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

150.    Denied.

151.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

152.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

153.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

154.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

155.    Denied.

156.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

157.    Denied.

158.    Defendant City admits only that plastic zip tie cuffs were applied to Plaintiff's wrists during his arrest. Defendant otherwise denies the allegations in paragraph 158.

159.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

160.    Denied.

161. Defendant City admits Plaintiff was taken to the St. Louis City Justice Center and that his photograph was taken prior to being taken to the police van. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

162. Defendant City admits Plaintiff was taken to the St. Louis City Justice Center in a police van. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

163. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

164. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

165. Denied.

166. Defendant City admits that Plaintiff was brought to the City Justice Center. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

167. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

168.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

169.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

170.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

171.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

172.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

173.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

174.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

175.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

176.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

177.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

178.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

179.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

180.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

181.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

182.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

183.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

184.    Defendant City admits Plaintiff met with investigators from the Internal Affairs Division and that said interview was recorded. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

185.    Defendant City admits that representatives of the City and the Post-Dispatch met, but denies such meeting resulted in the issuance of a new special order relating to the rights of journalists. Further answering, Defendant City admits Plaintiff has not been charged, but that the City has not agreed Plaintiff that will not be charged in the future. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

186.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

187.    Denied.

188.    Denied.

189.    Denied.

## COUNT I

190.    Defendant City incorporates by this reference all of its answers to paragraphs 1-189 as though fully set forth herein.

191.    The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

198.    The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

WHEREFORE, having fully answered Count I of Plaintiff's Fourth Amended Complaint, Defendant City requests that this Court dismiss the claims asserted against it in Count I with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT II

*The allegations in Count II are directed to the Individual Defendants and are not directed to Defendant City. If the allegations of Count II, including ¶¶ 199-206, are ever construed to state a claim against this Defendant, Defendant City denies the allegations in ¶¶ 199-206.*

## COUNT III

*The allegations in Count III are directed to Doe Police Officers 2-5 and Defendant Wismar and are not directed to Defendant City. If the allegations of Count III, including ¶¶ 207-212, are ever construed to state a claim against this Defendant, Defendant City denies the allegations in ¶¶ 207-212.*

## COUNT IV

213.    Defendant City incorporates by this reference all of its answers to paragraphs 1-212 as though fully set forth herein.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Defendant City denies the allegations in paragraph 219, including subparts (a)-(b).

220.    Denied.

221.    Denied.

222.    Denied.

223.    Denied.

25

224.    The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City admits he acted under color of law and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

225.    The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegation in paragraph 225.

WHEREFORE, having fully answered Count IV of Plaintiff's Fourth Amended Complaint, Defendant City requests that this Court dismiss the claims asserted against it in Count IV with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT V

226.    Defendant City incorporates by reference all of its answers to paragraphs 1-225 as though fully set forth herein.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

WHEREFORE, having fully answered Count V of Plaintiff's Fourth Amended Complaint, Defendant City requests that this Court dismiss the claims asserted against it in Count V with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT VI

232.    Defendant City incorporates by reference all of its answers to paragraphs 1-231 as though fully set forth herein.

233.    Denied.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Denied.

238.    Denied.

239.    The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegation in paragraph 239.

240.    Denied.

WHEREFORE, having fully answered Count VI of Plaintiff's Fourth Amended Complaint, Defendant City requests that this Court dismiss the claims asserted against it in Count VI with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT VII

241.    Defendant City incorporates by reference all of its answers to paragraphs 1-240 as though fully set forth herein.

242.    Denied.

243.     Defendant City admits he helped to arrest Faulk. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

244.     Denied.

245.     Denied.

246.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegation in paragraph 246.

247.     Denied.

248.     Denied.

WHEREFORE, having fully answered Count VII of Plaintiff's Fourth Amended Complaint, Defendant City requests that this Court dismiss the claims asserted against it in Count VII with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT VIII

249.     Defendant City incorporates by reference all of its answers to paragraphs 1-248 as though fully set forth herein.

250.     Denied.

251.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

252.     Denied.

253.     Denied.

254.    Denied.

255.    Denied.

256.    Denied.

257.    The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegation in paragraph 257.

258.    Denied.

WHEREFORE, having fully answered Count VIII of Plaintiff's Fourth Amended Complaint, Defendant City requests that this Court dismiss the claims asserted against it in Count VIII with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT IX

259.    Defendant City incorporates by reference all of its answers to paragraphs 1-258 as though fully set forth herein.

260.    Denied.

261.    Denied.

262.    Denied.

263.    Denied.

264.    The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegation in paragraph 264.

265.    Denied.

WHEREFORE, having fully answered Count IX of Plaintiff's Fourth Amended Complaint, Defendant City requests that this Court dismiss the claims asserted against it in Count IX with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT X

266.     Defendant City incorporates by reference all of its answers to paragraphs 1-265 as though fully set forth herein.

267.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

268.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

269.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

270.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegation in paragraph 270.

271.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

272.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

273.     Denied.

274.     Denied.

275.    The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegation in paragraph 275.

276.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

277.    Denied.

WHEREFORE, having fully answered Count X of Plaintiff's Fourth Amended Complaint, Defendant City requests that this Court dismiss the claims asserted against it in Count X with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the allegations of Plaintiff's Fourth Amended Complaint, Defendant City requests that this Court dismiss the claims asserted against it with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## JURY DEMAND

Defendant City demands a jury trial on all issues triable to a jury.

## AFFIRMATIVE DEFENSES

Further answering, Defendant City affirmatively states as follows:

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff has failed to state a claim upon which relief can be granted because arguable probable cause existed for Plaintiff's arrest.

3.      Defendant City is shielded from Plaintiff's state law claims by sovereign immunity and the public duty doctrine.

4.      Defendant asserts all of the provisions of §§ 537.600, 537.610 and 537.615 RSMo.

5.      Plaintiff is estopped from bringing this suit by his own actions or inactions, including but not limited to, Plaintiff's failure to bring claims at his first opportunity.

6.      If a defendant or another party or entity makes a settlement with Plaintiff, or if Plaintiff receives anything of value from any party, individual or entity, the amount of such payment or consideration should be treated as a payment in full satisfaction of the damages of Plaintiff, or in the alternative, that the amount of such payment or consideration should be a set off against any judgment that may be entered herein.

7.      Plaintiff's claims are barred by all applicable statutes of limitations or repose.

8.      Plaintiff failed to mitigate his damages.

9.      Plaintiff's state law assault and battery claims are barred because Plaintiff consented through his conduct to the actions of Defendants.

10.     If any portion of Plaintiff's alleged damages are divisible, Defendant City asserts that such alleged damages may be subject to the doctrines of apportionment and/or alternate proximate cause.

11.     Plaintiff voluntarily assumed or exposed himself to a risk which he knew or, in the exercise of ordinary care, should have known existed.

12.     Plaintiff has no compensable damages.

13.     The rights alleged by Plaintiff to have been violated by Defendant City were not clearly established at the time.

Defendant City incorporates each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. Defendant City specifically reserves the right to amend this Answer to include additional affirmative defenses at a later time.

Respectfully submitted,

JULIAN BUSH,
City Counselor

By: /s/ Erin K. McGowan
Erin K. McGowan #64020MO
Andrew D. Wheaton #65269MO
1200 Market Street, Room 314
City Hall
St. Louis, Mo  63103
(314) 622-3361
(314) 622-4956 fax
McGowanE@stlouis-mo.gov
wheatona@stlouis-mo.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2019 the foregoing **Answer** to Plaintiff's Fourth Amended Complaint was served via the Court's electronic filing system upon all counsel of record.

    /s/ Erin K. McGowan