**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL FAULK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 4:18-CV-308** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF ST. LOUIS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT BRIAN ROSSOMANNO'S ANSWER**
**TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

COMES NOW Defendant Brian Rossomanno ("Rossoomanno") and answers the allegations of Plaintiff Michael Faulk's ("Faulk") Fourth Amended Complaint (doc. 75) as follows:

**INTRODUCTION**

1.      Defendant Rossomanno admits that Plaintiff was arrested on September 17, 2017, but denies that his arrest was unlawful or that Plaintiff Faulk was assaulted. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

**JURISDICTION AND VENUE**

2.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno denies the allegations of this paragraph.

3.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno denies the allegations of this paragraph.

4.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno denies the allegations of this paragraph.

5.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno denies the allegations of this paragraph.

6.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno denies the allegations of this paragraph.

7.      Defendant Rossomanno admits that Plaintiff purports to demand a trial by jury. Because Defendant Rossomanno denies that Plaintiff's claims are cognizable, Defendant denies Plaintiff is entitled to a jury trial.

## **PARTIES**

8.      Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

9.      Defendant Rossomanno admits the City is a constitutional charter city organized pursuant to the Missouri Constitution and the laws of the State of Missouri. Defendant Rossomanno denies the remaining allegations in this paragraph.

10.     In response to paragraph 10, Defendant Rossomanno admits only that the City's Police Department is a division of the City's Department of Public Safety. Defendant Rossomanno denies the remaining allegations in this paragraph.

11.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

12.     Defendant Rossomanno admits that Gerald Leyshock is a police officer employed by the St. Louis Police Department ("SLPD") and holds the rank of lieutenant colonel. Further answering, Defendant Rossomanno admits that Lt. Col. Leyshock was the incident commander during the mass arrest that took place during the evening of September 17, 2017. Defendant Rossomanno denies the remaining allegations in this paragraph.

13.      Defendant Rossomanno admits Scott Boyher is a police officer employed by the SLPD and holds the rank of lieutenant. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

14.     Defendant Rossomanno admits that Timothy Sachs is a police officer employed by SLPD and holds the rank of lieutenant. Further answering Defendant Rossomanno admits Sachs was a supervisor present during the mass arrest that took place during the evening of September 17, 2017. Defendant Rossomanno denies the remaining allegations of this paragraph.

15.     Defendant Rossomanno admits Randy Jemerson is lieutenant employed by the SLPD and that he supervised the SLPD's civil disobedience teams. Further answering, Defendant Rossomanno admits that Jemerson was a supervisor present during the mass arrest

that took place during the evening of September 17, 2017. Defendant Rossomanno denies the remaining allegations of this paragraph.

16.     Defendant Rossomanno admits that Mathew Karnowski is police officer employed by the SLPD and holds the rank of sergeant. Further answering, Defendant Rossomanno admits Karnowski was a supervisor present during the mass arrest that took place during the evening of September 17, 2017, and that earlier that evening, Karnowski had issued dispersal orders. Defendant Rossomanno denies the remaining allegations of this paragraph.

17.     Defendant Rossomanno admits he was a police officer employed by the SLPD and held the rank of sergeant. Further answering, Defendant Rossomanno admits he was a supervisor present during the mass arrest that took place during the evening of September 17, 2017. Defendant Rossomanno denies the remaining allegations of this paragraph.

18.     Defendant Rossomanno admits that Andrew Wismar is a police officer employed by the SLPD. Further answering Defendant Rossomanno admits that Wismar helped to arrest Faulk. Defendant Rossomanno denies the remaining allegations of this paragraph.

19.     Denied.

20.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno denies the allegations of this paragraph.

**FACTUAL ALLEGATIONS**

21.     Defendant Rossomanno admits that in the morning on September 15, 2017, St. Louis Circuit Judge Timothy Wilson issued an order acquitting former St. Louis police officer Jason Stockley of murder. Defendant Rossomanno lacks knowledge or information sufficient to

form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

22.     Defendant Rossomanno admits that protesters gathered downtown after the Stockley verdict. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

23.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

24.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

25.     Denied.

26.     Defendant Rossomanno admits that the Stockley protests resulted in property damage, including broken windows and broken flower pots. Defendant otherwise denies the allegations paragraph 26.

27.     Defendant Rossomanno denies the allegations in paragraph 27, including subparts (a)-(j).

28.     Denied.

29.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

30.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

31.     In response to paragraph 31, Defendant Rossomanno states that the temporary restraining order issued by Judge Carol E. Jackson on December 11, 2014 speaks for itself. Defendant otherwise denies the allegations paragraph 31.

32.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

33.     In response to paragraph 33, Defendant Rossomanno states only that the settlement agreement entered into by the City on March 25, 2015 and referenced in Exhibit 75-2 speaks for itself. Defendant otherwise denies the allegations paragraph 33.

34.     Denied.

35.     Denied.

36.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

37.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

38.     Denied.

39.     Denied.

40.     In response to paragraph 40, Defendant Rossomanno states that the testimony provided on October 19, 2017 during the preliminary injunction hearing in *Ahmad*, *et al*. *v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations paragraph 40.

41.     Defendant Rossomanno admits that he is not aware of Plaintiff's participation in the destruction of property on the 900, 1000, 1100 blocks of Olive Street in downtown St. Louis. Defendant denies any remaining allegations in paragraph 41.

42.     In response to paragraph 42, Defendant Rossomanno states that the testimony provided on October 19, 2017 during the preliminary injunction hearing in *Ahmad, et al. v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations paragraph 42.

43.     Defendant Rossomanno denies the allegation in paragraph 43.

44.     In response to paragraph 44, Defendant Rossomanno states that the testimony provided on October 19, 2017 during the preliminary injunction hearing in *Ahmad, et al. v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations paragraph 44.

45.     In response to paragraph 45, Defendant Rossomanno states that the testimony provided by on October 19, 2017 during the preliminary injunction hearing in *Ahmad, et al. v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations paragraph 45.

46.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

47. Denied.

48. In response to paragraph 48, Defendant Rossomanno states that the testimony provided on October 18 and 19, 2017 during the preliminary injunction hearing in *Ahmad, et al. v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations paragraph 48.

49. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

50. In response to paragraph 50, Defendant Rossomanno states that the testimony provided on October 19, 2017 during the preliminary injunction hearing in *Ahmad, et al. v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations paragraph 50.

51. Defendant Rossomanno admits that there are condominiums, apartment buildings and businesses within the vicinity of Washington Avenue and Tucker Boulevard. Defendant otherwise denies the allegations in paragraph 51.

52. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

53. Denied.

54. Defendant Rossomanno admits that sometime approximately at or around 11 p.m. officers began forming into lines.

55. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

56. Defendant Rossomanno admits that Civil Disobedience Team officers were present that evening. Defendant Rossomanno denies any remaining allegations in paragraph 56.

57. Defendant Rossomanno admits that sometime prior to Plaintiff's arrest on September 17, 2017 a line of officers assembled across Washington Avenue one block west of Tucker Boulevard. Defendant Rossomanno denies any remaining allegations in paragraph 57.

58. Defendant Rossomanno admits that sometime prior to Plaintiff's arrest on September 17, 2017 a line of officers assembled across Tucker Boulevard one block north of Washington Avenue. Defendant Rossomanno denies any remaining allegations in paragraph 58.

59. Defendant Rossomanno admits that sometime prior to Plaintiff's arrest on September 17, 2017 a line of officers assembled across Tucker Boulevard one block south of Washington Avenue. Defendant Rossomanno denies any remaining allegations in paragraph 59.

60. Defendant Rossomanno admits that officers in these lines were wearing helmets and masks and that some of these officers were carrying batons and some were carrying protective shields. Defendant otherwise denies the allegations in paragraph 60.

61. Defendant Rossomanno admits that sometime prior to Plaintiff's arrest on September 17, 2017 a line of officers assembled across Washington Avenue one half block east of Tucker Boulevard. Defendant Rossomanno denies any remaining allegations in paragraph 61.

62. Defendant Rossomanno admits that some of the officers assembled across Washington Avenue east of Tucker were carrying bicycles and that Lieutenant Boyher is the commander of the bicycle response team. Defendant Rossomanno lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

63. Admit.

64. Denied.

65. Defendant Rossomanno admits that some officers banged batons as they approached. Defendant otherwise denies the remaining allegations in paragraph 65.

66. Admit.

67. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

68. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

69. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

70. Admits.

71. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

72. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

73.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

74.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

75.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

76.     Denied.

77.     Defendant Rossomanno admits only that Lieutenant Boyher is the commander of the bicycle response team. Defendant otherwise denies the allegations in paragraph 77.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Defendant Rossomanno admits that officers used plastic zip ties to effect arrests. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

89.     Defendant Rossomanno admits that more than 100 people were arrested.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

95.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

96.     Defendant Rossomanno admits that four City police officers were indicted in 2018 by a federal grand jury for alleged conduct during the Stockley protests on September 17, 2017. Defendant otherwise denies the allegations in paragraph 96.

97.     In response to the allegations in paragraph 97, Defendant Rossomanno states that Police Department Special Order 8-03 speaks for itself.

98.     Denied.

99.     Denied.

100.     Denied.

101.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

102.     Denied.

103.     Denied.

104.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

105.     Denied.

106.     Denied.

107.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

108.     Denied.

109.     Defendant Rossomanno admits only that in October 2017 the City Counselor's Office issued letters to certain individuals arrested for ordinance violations and advised them that they were released from any obligation to appear in Municipal Court on October 18, 2017. Further answering, Defendant Rossomanno states that that the October 2017 letters speak for themselves. Defendant otherwise denies the allegations in paragraph 109.

110.     In response to paragraph 110, Defendant Rossomanno states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 110.

111.    In response to paragraph 111, Defendant Rossomanno states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 111.

112.    In response to paragraph 112, Defendant Rossomanno states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 112.

113.    In response to paragraph 113, Defendant Rossomanno states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 113.

114.    In response to paragraph 114, Defendant Rossomanno states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 114.

115.    In response to paragraph 115, Defendant Rossomanno states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 115.

116.    In response to paragraph 116, Defendant Rossomanno states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 116.

117.    In response to paragraph 117, Defendant Rossomanno states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 117.

118.    In response to paragraph 118, Defendant Rossomanno states that the transcript of the closing argument made by Associate City Counselor Tony Relys on October 23, 2017 and

the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speak for themselves. Defendant otherwise denies the allegations in paragraph 118.

119.     In response to paragraph 119, and subparts (a)-(k), Defendant Rossomanno states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 119.

120.     Denied.

121.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

122.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

123.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

124.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

125.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

126.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

127.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

128.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

129.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

130.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

131.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

132.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

133.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

134.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

135.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

136.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

137.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

138.     Denied.

139.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

140.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

141. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

142. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

143. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

144. Denied.

145. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

146. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

147. Denied.

148. Denied.

149. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

150. Denied.

151.    Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

152.    Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

153.    Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

154.    Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

155.    Denied.

156.    Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

157.    Denied.

158.    Defendant Rossomanno admits only that plastic zip tie cuffs were applied to Plaintiff's wrists during his arrest. Defendant otherwise denies the allegations in paragraph 158.

159.    Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

160.    Denied.

161.     Defendant Rossomanno admits Plaintiff was taken to the St. Louis City Justice Center and that his photograph was taken prior to being taken to the police van. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

162.     Defendant Rossomanno admits Plaintiff was taken to the St. Louis City Justice Center in a police van. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

163.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

164.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

165.     Denied.

166.     Defendant Rossomanno admits that Plaintiff was brought to the City Justice Center. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

167.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

168.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

169.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

170.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

171.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

172.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

173.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

174.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

175.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

176.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

177.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

178.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

179.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

180.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

181.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

182.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

183.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

184.     Defendant Rossomanno admits Plaintiff met with investigators from the Internal Affairs Division and that said interview was recorded. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

185.     Defendant Rossomanno admits that representatives of the City and the Post-Dispatch met, but denies such meeting resulted in the issuance of a new special order relating to the rights of journalists. Further answering, Defendant Rossomanno admits Plaintiff has not been charged, but that the City has not agreed Plaintiff that will not be charged in the future. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

186.     Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

187.     Denied.

188.     Denied.

189.     Denied.

## COUNT I

190.     Defendant Rossomanno incorporates by this reference all of his answers to paragraphs 1-189 as though fully set forth herein.

191.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno denies the allegations of this paragraph.

192.     Denied.

193.     Denied.

194.     Denied.

195.     Denied.

196.     Denied.

197.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno denies the allegations of this paragraph.

198.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno denies the allegations of this paragraph.

WHEREFORE, having fully answered Count I of Plaintiff's Fourth Amended Complaint, Defendant Rossomanno requests that this Court dismiss the claims asserted against him in Count I with prejudice, award Defendant Rossomanno his costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT II

199.     Defendant Rossomanno incorporates by this reference all of his answers to paragraphs 1-198 as though fully set forth herein.

200.     Denied.

201.     Denied.

202.     Denied.

203.     Denied.

204.     Denied.

205.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno denies the allegations of this paragraph.

206.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno denies the allegations of this paragraph.

WHEREFORE, having fully answered Count II of Plaintiff's Fourth Amended Complaint, Defendant Rossomanno requests that this Court dismiss the claims asserted against him in Count II with prejudice, award Defendant Rossomanno his costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT III

*The allegations in Count III are directed to Defendant Wismar and John Doe Defendants 2-5 and are not directed to Defendant Rossomanno. If the allegations of Count III, including ¶¶ 207-212, are ever construed to state a claim against this Defendant, Defendant Rossomanno denies the allegations in ¶¶ 207-212.*

## COUNT IV

213.     Defendant Rossomanno incorporates by this reference all of his answers to paragraphs 1-212 as though fully set forth herein.

214.     Denied.

215.     Denied.

216.     Denied.

217.     Denied.

218.     Denied.

219.     Defendant Rossomanno denies the allegations in paragraph 219, including subparts (a)-(b).

220.     Denied.

221.     Denied.

222.     Denied.

223.     Denied.

224.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno admits he acted under color of law and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

225.    The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno denies the allegation in paragraph 225.

WHEREFORE, having fully answered Count IV of Plaintiff's Fourth Amended Complaint, Defendant Rossomanno requests that this Court dismiss the claims asserted against him in Count IV with prejudice, award Defendant Rossomanno his costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT V

*The allegations in Count V are directed to Defendant City of St. Louis and are not directed to Defendant Rossomanno. If the allegations of Count V, including ¶¶ 226-231, are ever construed to state a claim against this Defendant, Defendant Rossomanno denies the allegations in ¶¶ 226-231.*

## COUNT VI

*The allegations in Count VI are directed to Defendant Wismar, Defendant City and John Doe Defendants 2-5 and are not directed to Defendant Rossomanno. If the allegations of Count VI, including ¶¶ 232-240, are ever construed to state a claim against this Defendant, Defendant Rossomanno denies the allegations in ¶¶ 232-240.*

## COUNT VII

241.    Defendant Rossomanno incorporates by reference all of his answers to paragraphs 1-240 as though fully set forth herein.

242.    Denied.

243. Defendant Rossomanno admits he helped to arrest Faulk. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

244. Denied.

245. Denied.

246. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno denies the allegation in paragraph 246.

247. Denied.

248. Denied.

WHEREFORE, having fully answered Count VII of Plaintiff's Fourth Amended Complaint, Defendant Rossomanno requests that this Court dismiss the claims asserted against him in Count VII with prejudice, award Defendant Rossomanno his costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT VIII

249. Defendant Rossomanno incorporates by reference all of his answers to paragraphs 1-248 as though fully set forth herein.

250. Denied.

251. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

252. Denied.

253. Denied.

254. Denied.

255. Denied.

256. Denied.

257. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno denies the allegation in paragraph 257.

258. Denied.

WHEREFORE, having fully answered Count VIII of Plaintiff's Fourth Amended Complaint, Defendant Rossomanno requests that this Court dismiss the claims asserted against him in Count VIII with prejudice, award Defendant Rossomanno his costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT IX

259. Defendant Rossomanno incorporates by reference all of his answers to paragraphs 1-258 as though fully set forth herein.

260. Denied.

261. Denied.

262. Denied.

263. Denied.

264. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno denies the allegation in paragraph 264.

265. Denied.

WHEREFORE, having fully answered Count IX of Plaintiff's Fourth Amended Complaint, Defendant Rossomanno requests that this Court dismiss the claims asserted against him in Count IX with prejudice, award Defendant Rossomanno his costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT X

266. Defendant Rossomanno incorporates by reference all of his answers to paragraphs 1-265 as though fully set forth herein.

267. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

268. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

269. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

270. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno denies the allegation in paragraph 270.

271. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

272. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

273. Denied.

274. Denied.

275. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant Rossomanno denies the allegation in paragraph 275.

276. Defendant Rossomanno lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

277. Denied.

WHEREFORE, having fully answered Count X of Plaintiff's Fourth Amended Complaint, Defendant Rossomanno requests that this Court dismiss the claims asserted against him in Count X with prejudice, award Defendant Rossomanno his costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the allegations of Plaintiff's Fourth Amended Complaint, Defendant Rossomanno requests that this Court dismiss the claims asserted against him with prejudice, award Defendant Rossomanno his costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## JURY DEMAND

Defendant Rossomanno demands a jury trial on all issues triable to a jury.

## AFFIRMATIVE DEFENSES

Further answering, Defendant Rossomanno affirmatively states as follows:

1. Plaintiff has failed to state a claim upon which relief can be granted because arguable probable cause existed for Plaintiff's arrest.

2.     Defendant Rossomanno is shielded from suit by the doctrine of qualified immunity because his conduct comported with established law and did not violate any clearly established constitutional right of which a reasonable person would have known.

3.     Defendant Rossomanno is shielded from Plaintiff's state law claims by official immunity and the public duty doctrine.

4.     Plaintiff is estopped from bringing this suit by his own actions or inactions, including but not limited to, Plaintiff's failure to bring claims at his first opportunity.

5.     If a defendant or another party or entity makes a settlement with Plaintiff, or if Plaintiff receives anything of value from any party, individual or entity, the amount of such payment or consideration should be treated as a payment in full satisfaction of the damages of Plaintiff, or in the alternative, that the amount of such payment or consideration should be a set off against any judgment that may be entered herein.

6.     Plaintiff's claims are barred by all applicable statutes of limitations or repose, including by the statute of limitations set forth in RSMo. § 516.140 and the statute of limitations set forth in RSMo. § 516.130.

7.     Plaintiff failed to mitigate his damages.

8.     Plaintiff's state law assault and battery claims are barred because Plaintiff consented through his conduct to the actions of Defendants.

9.     If any portion of Plaintiff's alleged damages are divisible, Defendant Rossomanno asserts that such alleged damages may be subject to the doctrines of apportionment and/or alternate proximate cause.

10.    Plaintiff voluntarily assumed or exposed himself to a risk which he knew or, in the exercise of ordinary care, should have known existed.

11.     Plaintiff has no compensable damages.

12.     The rights alleged by Plaintiff to have been violated by Defendant Rossomanno
were not clearly established at the time.

Defendant Rossomanno incorporates each and every additional affirmative defense that
may be uncovered or made known during the investigation and discovery of this case. Defendant
Rossomanno specifically reserves the right to amend this Answer to include additional
affirmative defenses at a later time.

Respectfully submitted,

JULIAN BUSH,
City Counselor

By: /s/ Andrew D. Wheaton
    Andrew D. Wheaton #65269MO
    Erin K. McGowan #64020MO
    1200 Market Street, Room 314
    City Hall
    St. Louis, Mo  63103
    (314) 622-3361
    (314) 622-4956 fax
    wheatona@stlouis-mo.gov
    mcgowane@stlouis-mo.gov
    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2019 the foregoing Answer to Plaintiff's Fourth
Amended Complaint was served via the Court's electronic filing system upon all counsel of
record.


  /s/ Andrew D. Wheaton