## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL FAULK, | ) |
| | ) |
| Plaintiff, | ) |
| | )  Case No. 4:18-CV-308 |
| v. | ) |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT JAMES WOOD'S MEMORANDUM IN SUPPORT
OF HIS MOTION TO DISMISS COUNTS I, II, V, VIII, IX, X, AND XI**

COMES NOW Defendant James Wood ("Wood"), and in support of his Motion to Dismiss Counts I, II, V, VIII, IX, X and XI, states as follows:

### INTRODUCTION

Plaintiff does not allege that Wood used excessive force on him, arrested him, or took him into custody on September 17, 2017. Instead, Plaintiff alleges only that Wood "was working during the events of September 17, 2017 and took possession of Plaintiff Faulk's bicycle." Doc. 126, ¶ 26. Specifically, Plaintiff alleges that after co-defendants Wozniak, Gentilini, Wismar, Harris, Gonzales, Stuart, and Barton arrested him, an unidentified officer picked up Plaintiff's bicycle from the sidewalk and threw it into the street. *Id*. at ¶¶ 165, 171.  Then, when the bicycle was lying in the street, Wood seized the bicycle and placed it in police custody. *Id*. at ¶ 172.

Despite the fact that Wood's involvement in this case was limited to removing a bicycle from the street, Plaintiff seeks to hold Wood liable under § 1983 for unreasonably seizing Plaintiff in violation of the First, Fourth, and Fourteenth Amendments (Counts I and II) and for engaging in a conspiracy to violate Plaintiff's civil rights (Count V). Plaintiff further asserts state law claims

against Wood for false arrest and false imprisonment (Count VIII), Intentional Infliction of Emotional Distress (Count IX), Negligent Infliction of Emotional Distress (Count X), and Conversion (Count XI).

Plaintiff's Complaint against Wood must be dismissed for the following reasons: First, Counts I and II fail to state a claim against Wood and he is protected by qualified immunity; Second, Count V is barred by the intracorporate conspiracy doctrine, fails to plead sufficient facts to state a claim against Wood for conspiracy under § 1983, and Wood is entitled to qualified immunity; Third, Counts VIII, IX, X, and XI fail to state a claim against Wood and official immunity bars these state law claims.

Accordingly, this Court should dismiss Counts I, II, V, VIII, IX, X and XII for failure to state a claim upon which relief may be granted.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Although the pleading standard is liberal, the plaintiff must allege facts—not mere legal conclusions—that, if true, would support the existence of the claimed torts." *Moses.com Securities v. Comprehensive Software Systems, Inc.*, 406 F.3d. 1052, 1062 (8th Cir. 2005) citing *Schaller Tel. Co. v. Golden Sky Systems*, 298 F.3d. 736, 740 (8th Cir. 2002). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to defeat a motion to dismiss." *Iqbal*, 556 U.S. at 678 citing *Twombly*, 550 U.S. at 556.

## ARGUMENT

Government officials performing discretionary functions are shielded from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 817, 818 (1982). A court required to rule upon qualified immunity of a government official must first determine whether a favorable view of the plaintiff's alleged facts show that the official's conduct violated a constitutional right, and if it has, to determine whether the applicable constitutional standards were clearly established at the time the events took place. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). As the United States Supreme Court announced in *Pearson v. Callahan*, a district court has discretion to consider which part of the test to address first. 129 S. Ct. 808, 818 (2009). The issue of qualified immunity is "immunity from suit rather than a mere defense to liability," and its application must therefore be determined as early in the proceedings as possible. *Saucier*, 533 U.S. 194 at 200.

The dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted. *Saucier*, 533 U.S. at 202. This inquiry must be "undertaken in light of the specific context of the case, not as a broad general proposition" and must be "particularized" based on the facts confronting the officer. *Brosseau v. Haugen*, 543 U.S. 194 (2004); *Anderson v. Creighton*, 483 U.S. 635 (1987). Implicit in the qualified immunity analysis is the requirement that the violation must have been intentional or the result of some gross misfeasance or nonfeasance on the part of the governmental officer arising to the level of incompetence. *Anderson*, 483 U.S. 635. Here, Wood is entitled to qualified immunity with regard to Counts I, II, and V because Plaintiff fails to allege that he, through his own personal conduct, violated any clearly established constitutional rights of which a reasonable person would have known.

### 1. COUNTS I AND II FAIL TO STATE A CLAIM AGAINST WOOD AND HE IS PROTECTED BY QUALIFIED IMMUNITY.

Unlike Long, Wozniak, Wismar, Gentilini, Stuart, Harris, Gonzales, and Barton, Plaintiff does not allege Wood was personally involved in his arrest. *Id*. at ¶¶ 165. Neither does Plaintiff allege Wood acted in a supervisory role on September 17, 2017. *Id*. at ¶ 26.

As this Court is aware, the first inquiry in any § 1983 suit is whether the defendant personally deprived the plaintiff of a right "secured by the Constitution and laws." *Baker v. McCollan*, 443 U.S. 137, 140 (1979). And, it is well-settled that "[l]iability for damages for a federal constitutional tort is personal, so each defendant's conduct must be independently assessed." *Wilson v. Northcutt*, 441 F.3d 586, 591-92 (8th Cir. 2006). As such, in order to prevail on an unlawful-seizure claim against a police officer, a plaintiff must show that the officer actually seized him. *See Cole v. Bone*, 993 F.2d 1328, 1333 (8th Cir. 1993) (dismissing § 1983 claims for violation of the Fourth Amendment against officers who had not seized the plaintiff).

Here, Count I generally alleges that "Defendants' actions violated Mr. Faulk's rights under the First Amendment to freedom of the press and freedom of speech by interfering with his ability to gather information and cover a matter of public interest as a member of the media." *Id*. at ¶ 209. But, Wood's involvement in this case was limited to wheeling a bicycle out of the middle of the street that an unidentified officer had thrown there, and Plaintiff pleads no facts from which this court could infer that this action "violated Mr. Faulk's rights under the First Amendment to freedom of the press and freedom of speech." *Id*. Then, Count I alleges that "Defendants further violated Mr. Faulk's rights under the First Amendment by isolating him from other arrestees and refusing to allow him back into the cell with other arrestees unless he forfeited his pen and paper."  But again, Plaintiff alleges no facts from which this Court could infer that Wood had any personal involvement in actions taken by unidentified correctional

officers at the City of St. Louis Justice Center. Plaintiff alleges only that "Wood was working during the events of September 17, 2017 and took possession of Plaintiff Faulk's bicycle," but does not allege that Wood ever set foot in the Justice Center – much less that he was personally involved in alleged constitutional violations that took place there.

As for Count II, it generally alleges "Defendants knew or should have known that SLMPD officers did not have probable cause to arrest Mr. Faulk" and that, nevertheless, "Defendants unreasonably seized Mr. Faulk, thereby depriving him of his right to be free from unreasonable seizure of his person in violation of the Fourth and Fourteenth Amendments to the United States Constitution." *Id*. at ¶¶ 218, 219. In sum, Plaintiff alleges his Fourth and Fourteenth Amendment rights were violated when "the arrest team grabbed [him] and used the full weight of multiple team members in riot gear and their shields to tackle [him] to the ground" and take him into custody. *Id*. at ¶¶ 218, 219. But again, Wood was not on the arrest team and had no personal interaction with Plaintiff of any kind. *Id*. at ¶¶ 165.[1] To state an actionable claim under § 1983, plaintiff must allege facts sufficient to establish each individual defendant's personal involvement in the alleged action. *White v. Jackson*, 865 F.3d 1064, 1080-81 (8th Cir. 2017) (citing *Dahl v. Weber*, 580 F.3d 730, 733 (8th Cir. 2009); *Wilson v. Northcutt*, 441 F.3d

---

[1] After Plaintiff makes clear that Faulk was *not* one the officers on the arrest team that took him into custody (*see, e.g.*, Doc. 126 at ¶ 165), Plaintiff later alleges in the context of his conspiracy claim that "Defendants Long, Wozniak, Wismar, Gentilini, Stuart, Harris, Gonzales, Barton, and Wood joined the conspiracy when they agreed to participate in the illegal kettling plan and then unlawfully arrested and used excessive force on Plaintiff." To the extent this rather imprecise paragraph suggests Wood personally arrested and used excessive force on Plaintiff, Wood presumes his inclusion here was an oversight on the part of Plaintiffs' counsel in that it contradicts paragraph 165 of Plaintiff's Complaint. If it is not, and Plaintiff intended to allege Wood arrested him and used excessive force on him, this allegation almost certainly runs afoul of Rule 11, which requires that, by signing and filing a pleading, attorneys certify to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the factual contentions therein have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)(3).

586, 591 (8th Cir. 2006). Plaintiff fails to do so here with respect to Wood because he was not personally involved in taking Plaintiff into custody.

To the extent Plaintiff asserts that Wood was involved in the buildup to the alleged "kettling" and thereby unconstitutionally seized Plaintiff, Counts I and II still fail. As an initial matter, Plaintiff alleges only that Wood was "working during the events of September 17, 2017," but alleges no facts from which this Court could infer that he was even on one of the four police lines that Plaintiff alleges approached the intersection of Washington and Tucker. *Id*. at ¶ 69. Even if Plaintiff had made such an allegation, the Eighth Circuit has held that "[t]he Fourth Amendment prohibits unreasonable seizures, not unreasonable or ill-advised conduct in general. *Cole*, 993 F.2d at 1333 (citing *Carter v. Buscher*, 973 F.2d 1328, 1332 (7th Cir. 1992)). Accordingly, in this Circuit, courts "scrutinize only the seizure itself, not the events leading to the seizure, for reasonableness under the Fourth Amendment. *Id*. Thus, because there is no allegation that Wood participated in the "kettling" and because, even if he had, being on a police line does not constitute a seizure under the Fourth Amendment, Plaintiff fails to allege a constitutional violation by Wood - who did not seize Plaintiff and who was not sued as a police supervisor. For this reason and those set forth above, Counts I and II against Wood must be dismissed.

> **2. COUNT V IS BARRED BY THE INTRACORPORATE CONSPIRACY DOCTRINE, FAILS TO PLEAD SUFFICIENT FACTS TO STATE A CLAIM AGAINST WOOD FOR CONSPIRACY UNDER § 1983, AND WOOD IS ENTITLED TO QUALIFIED IMMUNITY.**

In Count V Plaintiff asserts a claim of conspiracy against all defendants, including Wood. In his Complaint Plaintiff alleges that "Defendants, acting in their individual capacities, . . . conspired together and with others, and reached a mutual understanding to undertake a course of conduct that violated Mr. Faulk's civil rights." Doc. 126 at ¶ 251. As discussed above, Plaintiff

also imprecisely claims that Long, Wozniak, Wismar, Gentilini, Stuart, Harris, Gonzales, Barton, and Wood "joined the conspiracy when they agreed to participate in the illegal kettling plan and then unlawfully arrested and used excessive force on Plaintiff." *Id*. at ¶ 255.

To state a § 1983 conspiracy claim, a plaintiff must plead: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged coconspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008) citing *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999).

The facts alleged with respect to a conspiracy must be specific and may not be merely conclusory. *White v. Walsh*, 649 F.2d 560, 561 (8th Cir. 1981). "[T]here must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss." *Tracy v. SSM Cardinal Glennon Children's Hosp.*, 2016 U.S. Dist. LEXIS 89993 at *26 (E.D. Mo. July 12, 2016); see *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). "Speculation and conjecture are not enough to prove a conspiracy exists." *Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999).

Here, however, the Complaint is devoid of any allegations that Wood himself participated in the "design" of the allegedly "illegal kettling plan" or that Wood conspired with others to implement such a plan and arrest and use excessive force on Plaintiff. Instead, Plaintiff alleges only that Wood "was working during the events of September 17, 2017 and took possession of Plaintiff Faulk's bicycle." Doc. 126, ¶ 26.

Thus, with regard to Wood, the allegations set forth in paragraphs ¶¶ 250-262 are nothing more than textbook "formulaic recitation[s]" of the elements of a conspiracy claim. *Twombly*, 550 U.S. at 570. Plaintiff's Complaint fails to allege any facts with regard to Wood to support an

inference that he reached a mutual understanding or a "meeting of minds" with any other individual to implement plan to violate constitutional rights or use excessive force against Plaintiff, arrest him without probable cause or perform any other misdeed. Plaintiff's allegations that Wood "conspired together" or acted "in concert" to violate the Constitution by removing a bicycle from the street are nothing short of implausible, amount to mere conclusions, and do not suffice to state a claim.

This Court should find that Plaintiff has done no more than plead a summary allegation of a conspiracy that is devoid of any factual detail, especially with regard to Wood. Moreover, Plaintiff's allegation that "Defendants shared the conspiratorial objectives, which were to punish Mr. Faulk" is purely conclusory and unsupported by facts. ¶ 257. The Complaint is devoid of any facts tending to show a meeting of the minds among Wood and any other City employee to deprive Plaintiff of his civil rights. The allegations in Plaintiff's Complaint do not "nudge" his conspiracy claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Count V merely states a formulaic recitation of the elements of conspiracy and should be dismissed. *Twombly*, 550 U.S. at 570.

Second, Count V fails because Plaintiff fails to allege facts that overcome Wood's qualified immunity. Plaintiff does not allege facts that plausibly how that Wood participated in the design or implementation of the "illegal kettling plan," much less that he and another agent of the City reached a mutual understanding that officers would use excessive force against Faulk or arrest him without probable cause. None of these allegations in the Complaint are sufficient to permit the inference that Wood violated clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818. He is entitled to qualified immunity on Plaintiff's conspiracy claim.

Third, Plaintiff's conspiracy claim is barred by the intracorporate conspiracy doctrine. "Because a conspiracy by its nature involves multiple parties, the [intracorporate conspiracy doctrine] provides that 'a local government entity cannot conspire with itself through its agents acting within the scope of their employment.'" *Kelly v. Cty. of Omaha*, 813 F.3d 1070, 1078 (8th Cir. 2016) citing *L.L. Nelson Enters., Inc. v. Cty. of St. Louis, Mo*., 673 F.3d 799, 812 (8th Cir. 2012). Here, Plaintiff alleges that Wood was an agent of the City acting within the scope of his employment with the City. Although Plaintiff brings his conspiracy claim pursuant to 42 U.S.C. §1983, rather than 42 U.S.C. § 1985, as did the plaintiff in *Kelly*, this Court should find that the intracorporate conspiracy doctrine applies since a government entity cannot conspire with itself through its agents acting within the scope of their employment.

Count V fails to state a claim against Wood because it is barred by the intracorporate conspiracy doctrine and because it fails to allege facts from which this Court could infer that Wood participated in a conspiracy to violate Plaintiff's constitutional rights. Thus, Wood is entitled to qualified immunity on Count V.

3.  **COUNTS VIII, IX, X, AND XI FAIL TO STATE A CLAIM AGAINST WOOD AND FURTHER OFFICIAL IMMUNITY BARS THESE STATE LAW CLAIMS.**

In Count VIII Plaintiff asserts a Missouri state law claim against Wood for false arrest/false imprisonment. In Count IX Plaintiff purports to assert a claim against Wood for Intentional Infliction of Emotional Distress. In Count X Plaintiff asserts, in the alternative, a claim for Negligent Infliction of Emotional Distress. Finally Count XI asserts a state law claim against Wood for Conversion. Counts XIII, IX, X, and XI fail to plausibly allege state law tort claims against Wood, and in addition, the doctrine of official immunity shields Wood from these state law tort claims.

### a. Count VIII fails to state a claim for false arrest.

A plaintiff has a cause of action for false arrest if the plaintiff is confined, without legal justification. *Rankin v. Venator Group Retail, Inc.*, 93 S.W.3d 814, 819 (Mo. App. E.D. 2002). False arrest has only two elements: restraint of the plaintiff against her will, and the unlawfulness of that restraint. *Bramon v. U-Haul, Inc.*, 945 S.W.2d 676, 680 (Mo. App. E.D. 1997). The elements required to prove false arrest and false imprisonment are identical. *Rustici v. Weidemeyer*, 673 S.W.2d 762, 767 (Mo. banc 1984).

Here, the only allegation directed against Wood, apart from the allegation that he was working on September 17, 2017, is that Wood "seized the bicycle and placed it in police custody Doc. 126, ¶¶ 26, 171. As set forth in Section 1 above, Wood was not on the arrest team that took Plaintiff into custody and had no personal involvement in restraining Plaintiff against his will. Thus, because Plaintiff fails to plausibly allege the first element, that Wood personally arrested and restrained Plaintiff, Plaintiff's claim for false arrest against Wood must fail.

### b. Count IX fails to state a claim for intentional infliction of emotional distress.

The tort of intentional infliction of emotion distress involves the following elements: (1) the defendant's conduct must be outrageous or extreme; (2) the defendant must act intentionally or recklessly; (3) there must be extreme emotional distress that results in bodily harm; (4) caused by the defendant's conduct; and (5) the conduct must be intended solely to cause extreme emotional distress to the victim." *Crow v. Crawford & Co.*, 259 S.W.3d 104, 119 (Mo. App. 2008) citing *Thomas v. Special Olympics Mo. Inc.*, 31 S.W.3d 442, 446 (Mo. App. 2000). "Not just any wrongful conduct is a sufficient predicate for the tort of intentional infliction of emotional distress." *Id*. "It is a matter for the trial court to determine, in the first instance, whether a defendant's conduct may reasonably be regarded as so outrageous and extreme as to

permit recovery." *Id*. citing *Thornburg v. Federal Express Corp.*, 62 S.W.3d 421, 428 (Mo. App. 2001) quoting *Viehweg v. Vic Tanny International of Missouri, Inc.*, 732 S.W.2d 212, 213 (Mo. App. 1987).

Here, wheeling away a bicycle lying in the middle of the street and taking it into police custody is about as far from "outrageous and extreme conduct" as it gets. While Plaintiff may have lost a bicycle, he falls far short of alleging facts sufficient to establish that Wood took it out of the street "solely to cause extreme emotional distress to" Plaintiff. *Crow*, 259 S.W.3d at 119. The far more plausible and obvious conclusion is that he removed the bicycle to clear the street. For these reasons, and because Plaintiff otherwise fails to allege that losing his bicycle caused him bodily harm, Plaintiff fails to state a claim against Wood for Intentional Infliction of Emotional Distress.

    c. **Count X fails to state a claim for negligent infliction of emotional distress.**

To state a claim for negligent infliction of emotional distress, a plaintiff "must plead the general elements of negligence—that is, 'a legal duty of the defendant to protect the plaintiff from injury,' a breach of that duty, proximate cause, and injury—as well as two additional elements—'that the defendant should have realized that his conduct involved an unreasonable risk of causing distress' and 'that the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant.'" *Couzens v. Donohue*, 854 F.3d 508, 518 (8th Cir. 2017) citing *Thornburg v. Fed. Express Corp.*, 62 S.W.3d 421, 427 (Mo. App. 2001).

Plaintiff has not plausibly alleged that Wood had a duty to "protect plaintiff" and breached that duty. As discussed above, the only allegation directed at Wood is that he moved Faulk's bicycle out of the street. There is no allegation that Wood used excessive force on Faulk

or had any direct contact with him. For that reason, Plaintiff fails to allege that Wood "should have realized that his conduct involved an unreasonable risk of causing distress" because Plaintiff alleges no conduct Wood engaged that would involve an unreasonable risk of causing distress to Faulk. *Couzens*, 854 F.3d at 518. This Court should find as a matter of law that moving a bicycle is not conduct defendant should have realized involved an unreasonable risk of causing distress.  For this reason, and because Plaintiff fails to allege that losing his bicycle caused a medically diagnosable, severe, and medically significant injury,  Plaintiff fails to state a claim for negligent infliction of emotional distress against Wood.

### d. Count XI fails to state a claim for conversion against Wood because he did not assume and exercise a personal right of ownership in Plaintiff's bicycle.

The tort of conversion is the "unauthorized assumption and exercise of the right of ownership over the personal property of another to the exclusion of the owner's rights." *NIKA Corp. v. City of Kansas City*, 582 F. Supp. 343, 354 (Mo. App. W.D. 1983). Conversion may be proved by "by tortious taking; by any use or appropriation to the use of the person in possession, indicating a claim of right in opposition to rights of owner; or by refusal to give up possession to owner on demand." *Lacks v. R. Rowland & Co., Inc.*, 718 S.W.2d 513, 517 (Mo. App. 1986). A conversion must constitute an invasion of plaintiff's legal rights. *Osborn v. Chandeysson Electric Co.*, 248 S.W.2d 657, 663 (Mo. 1952).

Here, Plaintiff did not assume and exercise a personal right of ownership in Plaintiff's bicycle. Nor did Wood personally refuse to return Plaintiff's bicycle upon demand. Instead, Plaintiff alleges "Officer James Wood seized the bicycle *and placed it in police custody*." Doc. 126, ¶ 171 (emphasis added). Had Wood seized Plaintiff's bicycle and taken it to his home garage for personal use, Plaintiff may well have had an actionable conversion claim against

Wood – notwithstanding the application of official immunity. But here, Wood merely placed the bike in "police custody." As such, Wood did not assume and exercise a personal right of ownership in Plaintiff's bicycle, nor did he personally refuse to return Plaintiff's bicycle upon demand. Indeed, once the bicycle was remanded to police custody, Wood would not have had the authority to unilaterally return it to Plaintiff even had it been demanded of him. For these reasons, Plaintiff's state law conversion claim against Wood fails to state a claim upon which relief may be granted and must be dismissed. *Lacks*, 718 S.W.2d at 517.

### e. Wood is further entitled to official immunity on Plaintiff's state law claims in Counts VIII, IX and X.

Counts VIII, IX, X, and XI should further be dismissed because Wood's official immunity shields him from Plaintiff's state law tort claims.

Official immunity provides protection to public officials acting within the scope of their authority from liability for negligence related to the performance of their discretionary acts or omissions. *Davis v. Lambert–St. Louis Intern. Airport*, 193 S.W.3d 760, 763 (Mo. banc 2006); *Kanagawa v. State*, 685 S.W.2d 831, 835 (Mo. banc 1985). Under the doctrine of official immunity, public officials acting within the scope of their authority are not liable for injuries arising from their discretionary acts or omissions. *Kanagawa*, 685 S.W.2d at 835. However, official immunity does not apply to those discretionary acts done in bad faith or with malice. *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 446 (Mo. banc 1986).

Here, Plaintiff has not identified any act or omission by Wood that was done in bad faith or actuated by malice. Accordingly, official immunity shields Wood from Plaintiff's state law claims. See *Conway v. St. Louis County*, 254 S.W.3d 159, 166 (Mo. App. 2008) (holding that police defendants were protected by official immunity from tort liability regarding any potential emotional distress negligently inflicted upon mother as a result of the shooting death of her son).

Accordingly, because Plaintiff has not sufficiently alleged facts supporting the elements of false arrest, intentional infliction of emotional distress, negligent infliction of emotional distress, or conversion, and because Wood is shielded by official immunity against Plaintiff's state law claims, Counts VIII, IX, X, and XI should be dismissed.

## CONCLUSION

Counts I, II, V, VIII, IX, X, and XI fail to state claims upon which relief may be granted. Further, Wood is entitled to qualified immunity on Counts I, II, and V, and he is entitled to official immunity on Counts VIII, IX, X, and XI. For these reasons, Counts I, II, V, VIII, IX, X, and XI should be dismissed.

        Respectfully submitted,

        JULIAN BUSH,
        City Counselor

       By: /s/ Andrew D. Wheaton
         Andrew D. Wheaton #65269MO
         Erin K. McGowan #64020MO
         1200 Market Street, Room 314
         City Hall
         St. Louis, Mo 63103
         (314) 622-3361
         (314) 622-4956 fax
         wheatona@stlouis-mo.gov
         mcgowane@stlouis-mo.gov
         *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on **March 30, 2020** the foregoing Memorandum was served via the Court's electronic filing system upon all counsel of record.

         /s/ Andrew D. Wheaton