**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL FAULK, | ) |
| | ) |
| Plaintiff, | )   Case No. 4:18-CV-308 |
| | ) |
| v. | ) |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
ON COUNT V OF PLAINTIFF'S FIFTH AMENDED COMPLAINT**

COME NOW Defendants Gerald Leyshock, Scott Boyher, Timothy Sachs, Randy Jemerson, Matthew Karnowski, Brian Rossomanno, Andrew Wismar, Robert Stuart, Anthony Wozniak, Tom Long, John Gentilini, James Wood, Bryan Barton, Lawrence O'Toole, Brian Gonzales, and James Harris III (collectively "Defendants"), by and through their attorney Julian Bush, City Counselor for the City of St. Louis, pursuant to Federal Rule of Civil Procedure 12(c), and for Defendants' Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings on Counts V of Plaintiff's Fifth Amended Complaint ("Plaintiff's Complaint") state as follows:

**INTRODUCTION**

Count V Plaintiff's Complaint asserts a § 1983 conspiracy claim against Defendants stemming from Plaintiff's arrest on September 17, 2017. Because the application of the intracorporate conspiracy doctrine has not been addressed authoritatively in §1983 cases in this Circuit, this Court must, at is has recently done,

1

apply qualified immunity here and grant judgment on the pleadings on Count V in favor of Defendants.

## LEGAL STANDARD

A party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Failure to state a claim upon which relief may be granted is properly raised by a motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2). The distinction between a Rule 12(b)(6) motion and one under Rule 12(c) is "purely formal" as both are reviewed under the same standard. *Wescott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings, a plaintiff must allege facts sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion for judgment on the pleadings, the Court must take the allegations of the Complaint as true and liberally construe the Complaint in a light most favorable to plaintiffs. *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). However, while detailed factual allegations are not required, neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim under § 1983, "a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 678. Here, Defendants are entitled to qualified immunity on the face of Plaintiff's Complaint with respect to Count V, and judgment on the pleadings must be entered in favor of Defendants on Count V.

**ARGUMENT**

I. **DEFENDANTS ARE QUALIFIEDLY IMMUNE TO PLAINTIFF'S ALLEGED § 1983 CONSPIRACY CLAIM BECAUSE THE LAW OF INTRACORPORATE CONSPIRACY UNDER 42 U.S.C. §1983 IS UNSETTLED AND DEFENDANTS HAD NO NOTICE IN 2017 THAT THEIR JOINING IN PLANNING, DIRECTING, OR EXECUTING A MASS ARREST OF DISORDERLY PROTESTERS WAS UNCONSTITUTIONAL.**

Plaintiff's Complaint alleges that "Defendants, acting in their individual capacities, . . . conspired together and with others, and reached a mutual understanding to undertake a course of conduct that violated Mr. Faulk's civil rights." Doc. 126 at ¶ 251. Plaintiff also claims that Long, Wozniak, Wismar, Gentilini, Stuart, Harris, Gonzales, Barton, and Wood "joined the conspiracy when they agreed to participate in the illegal kettling plan and then unlawfully arrested and used excessive force on Plaintiff." *Id*. at ¶ 255.

Defendants' argument concerning qualified immunity to plaintiffs' conspiracy claim is quite simple: Because the application of the intracorporate conspiracy doctrine has not been addressed authoritatively in §1983 cases in this Circuit, this Court must apply qualified immunity here. This conclusion follows from *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017), where the Supreme Court held that officials were entitled to qualified immunity on §1985 conspiracy claims because the lower courts were divided on the applicability of the intracorporate conspiracy doctrine in a § 1985 case. *Ziglar v. Abbasi*, 137 S.Ct. 1843, (2017).

In that case, the Supreme Court declared that the government officers involved in alleged intentional constitutional violations were entitled to qualified immunity, observing that close and frequent consultations to facilitate the adoption and

3

implementation of policies are essential to the orderly conduct of governmental affairs, and if those discussions, and the resulting policies, were to be the basis for private suits seeking damages against the officials as individuals, "the result would be to chill the interchange and discourse that is necessary for the adoption and implementation of governmental policies" 137 S.Ct. at 1868-69. To be sure, *Ziglar* was decided under §1985(3), but the principles of qualified immunity applied in *Ziglar* are identical to immunity principles applied in claims under §1983. *E.g., Ashcroft v. al-Kidd*, 563 U.S. 731 (2011); *Plumhoff v. Rickard*, 134 S.Ct. 2012 (2014); *Hanson v. Best*, 915 F.3d 543 (8th Cir. 2019).

In light of the above, on August 4, 2020, Chief Judge Rodney Sippel of this Court granted judgment on the pleadings on qualified immunity grounds in favor of defendant police officers on analogous § 1983 conspiracy claims arising from the same mass arrest incident at issue in this case. *Baude v. City of St. Louis*, No. 4:18-CV-1564-RWS, 2020 U.S. Dist. LEXIS 139770, at *26 (E.D. Mo. Aug. 4, 2020). In *Baude*, the Court held that the defendant police officers were entitled to qualified immunity from analogous § 1983 conspiracy claims because "it cannot be said that the law regarding the application of the intracorporate conspiracy doctrine in § 1983 cases is clearly established." *Id*. at 28. Accordingly, the Court held that, "[g]iven the uncertainty regarding the applicability of the intracorporate conspiracy doctrine in § 1983 cases, the officers could not have reasonably known their actions would open them up to liability for a conspiracy." *Id*. at 28.

Here, like in *Baude*, because the intracorporate conspiracy doctrine has not been addressed authoritatively in §1983 cases in this Circuit, Defendants could not have

4

reasonably known that their alleged actions would open them up to liability for a conspiracy. Thus, Defendants are entitled to qualified immunity to Count V of Plaintiff's Complaint and judgment on the pleadings must be entered in favor of Defendants on Count V.

WHEREFORE, for all of the reasons set forth above, Defendants respectfully requests that this honorable Court grant Defendants' Motion for Judgment on the Pleadings and enter Judgment in favor of Defendants on Count V of Plaintiff's Complaint.

Respectfully submitted,

JULIAN BUSH
CITY COUNSELOR

/s/ Andrew D. Wheaton
Andrew D. Wheaton   #65269 (MO)
Associate City Counselor
Attorney for Defendants
City Hall, Room 314,
St. Louis, MO  63103
314.622.3361
FAX: 314.622.4956
wheatona@stlouis-mo.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 9, 2020, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system.

                                                      /s/ Andrew D. Wheaton