UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL FAULK, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:18-CV-308-JCH |
| ) | |
| v. ) | |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER PURSUANT
TO RULES 30(d)(3) AND 26(c)(1)**

COME NOW Defendants Gerald Leyshock, Scott Boyher, Timothy Sachs, Randy Jemerson, Matthew Karnowski, Brian Rossomanno, Andrew Wismar, Anthony Wozniak, John Gentilini, James Harris III, Brian Gonzales, Robert Stuart, Bryan Barton, James Wood, Tom Long, Lawrence O'Toole (collectively referred to herein as "Individual Defendants") and respectfully request this Court enter a protective order pursuant to FED.R.C. P. 26(c)(1) and 30(d)(3). In support, Defendants state as follows:

**I.  Introduction**

Plaintiff Michael Faulk ("Plaintiff") alleges various constitutional claims pursuant to 42 U.S.C. § 1983 and Missouri state law against the sixteen Individual Defendants, who are current or former employees of the City of St. Louis Police Department. Plaintiff alleges, among other things, violations of his First, Fourth and Fourteenth Amendment rights stemming from his arrest on the evening of September 17, 2017.

On September 3, 2020 Plaintiff took the deposition of Defendant Randy Jemerson ("Jemerson") in this matter. During counsel's examination of Jemerson, counsel for Plaintiff

1

requested Jemerson's personal cellphone number and the name of his cellphone provider. The undersigned counsel instructed Jemerson not to answer, citing Jemerson's interest in protecting the privacy of his personal cellphone number.

This Court should find, first, that the personal cell phone numbers of the Individual Defendants are not relevant and are unnecessary for resolving the issues in this litigation. This Court should further find, as it previously has, that police officers have a privacy right in their personal cell phone numbers. Accordingly, this Court should enter a protective order barring plaintiff from inquiring about the Individual Defendants' personal cell phone numbers.

## II.     Legal Standard

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. C. P. 26(b)(1).

A court can enter a protective order upon a request of a party or a person from whom discovery is sought to protect a person from annoyance, oppression, or undue burden or expense. FED.R.C. P. 26(c). Among the types of protective orders that a court can enter are those holding that the discovery not be had or that discovery may be had only on specified terms and conditions or prescribing a discovery method other than the one selected by the party seeking discovery.  FED.R.C. P. 26(c)(1)(A)-(C).

Further, Rule 30(d)(3)(A) provides that at any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in a manner that

unreasonably annoys, embarrasses, or oppresses the deponent or party. The court may limit the deposition's scope and manner as provided in Rule 26(c). Rule 30(d)(3)(B).

   III.   Argument

Here, Plaintiff presumably seeks Jemerson's cell phone number because he intends to attempt to subpoena Plaintiff's cell phone provider for his personal cellphone records, such as phone call logs and text messages.

To the extent that Plaintiff requests Jemerson's personal cellphone number because he intends to subpoena call records and text messages from Jemerson's cellphone provider, this Court should first find the request overbroad and not in proportion to the needs of this litigation. A request for Jemerson's cellphone records that is unlimited in scope is overbroad because it fails to distinguish between cellphone records and communications related to Jermerson's duties as a police sergeant the night of Plaintiff's arrest and irrelevant communications made by Jemerson in his private, personal life. Indeed, the Supreme Court has acknowledged that cellphone records may contain material of a highly personal nature. See *Riley v. California*, 573 U.S. 373, 375 (2014) (stating that "it is no exaggeration to say that many of the more than 90% of American adults who own a cell phone keep on their person a digital record of nearly every aspect of their lives—from the mundane to the intimate."); *City of Ontario, Cal. v. Quon*, 130 S. Ct. 2619, 2630 (2010) ("Cell phone and text message communications are so pervasive that some persons may consider them to be essential means or necessary instruments for self-expression, even self-identification. That might strengthen the case for an expectation of privacy.").

This Court has previously recognized that a police officer has a right to privacy with regard to his or her private cell phone number. In *Zorich v. St. Louis Cty.*, a § 1983 action arising from the execution of a search warrant, this Court recognized an officer's privacy interest in his

personal cell phone number. No. 4:17-CV-1522 PLC, 2018 U.S. Dist. LEXIS 141506 at *12 (E.D. Mo. Aug. 21, 2018). In that case, the Court found a plaintiff's request that a police officer disclose all communications on his personal cellphone to be unduly burdensome, overbroad, and unnecessary. *Id*. Instead, the Court ordered defendant to produce only communications occurring during a finite period that involved either the other defendants or a particular individual who the plaintiff alleged had coordinated with the officer to search the plaintiff's property. *Id*. See also *Smith v. Dayton*, 68 F. Supp. 2d 911, 918 (S.D. Ohio 1999) (holding that city's release to newspaper of unlisted phone number of police officer involved in fatal shooting violated his constitutional right to privacy).

Moreover, this Court and others have found that, in the context of Fourth Amendment searches, individuals possess a reasonable expectation of privacy in their cell phone records. *United States v. Meador*, 2008 U.S. Dist. LEXIS 92728 at *35 (E.D. Mo. Jan. 7, 2008) (finding homicide suspect has a reasonable expectation of privacy in contents of cell phone); *United States v. Finley*, 477 F.3d 250, 259 (5th Cir. 2007), cert. denied, 549 U.S. 1353, 127 S. Ct. 2065 (2007) (finding suspect had a reasonable expectation of privacy in text messages and cell phone call records); *United States v. Davis*, 787 F. Supp. 2d 1165, 1170 (D. Or. 2011) citing *Finley*, 477 F.3d at 259-60 (holding that "[a] person has a reasonable expectation of privacy in his or her personal cell phone, including call records and text messages); *United States v. Morales-Ortiz*, 376 F. Supp. 2d 1131, 1140 (D.N.M. 2004) (stating that "[a]n individual has an expectation of privacy in an electronic repository for personal data, including cell telephones and pager data memories.")

In this case, Defendants intend to work with Plaintiff in good faith to determine if a reasonable compromise can be reached with regard to the scope of the communications that the

Individual Defendants will produce in this matter. However, this Court should find, as it did in *Zorich*, it is burdensome and unnecessary for the Individual Defendants to provide Plaintiff with personal cellphone numbers because such a request is not reasonably limited to communications and information that are relevant and material to the issues in this litigation.

## CONCLUSION

For the foregoing reasons, this Court should enter a protective order pursuant to FED. R. C. P. 26(b)(1) and 30(d)(3) barring Plaintiff from seeking the Individual Defendants' cellphone numbers because police officers have a privacy right in their cellphone numbers and the request for Jemerson's personal cellphone number is overly broad, burdensome and unnecessary to resolving the issues in this case.

    Respectfully submitted,

JULIAN BUSH
CITY COUNSELOR

By: /s/ Erin K. McGowan
Erin K. McGowan #64020MO
Andrew D. Wheaton #65269MO
1200 Market Street, Room 314
City Hall
St. Louis, MO  63103
(314) 622-3361
(314) 622-4956 fax
McGowanE@stlouis-mo.gov
wheatona@stlouis-mo.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify this Motion was electronically filed on this 10th day of September 2020 with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

                                                /s/ Erin K. McGowan