UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL FAULK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18CV308 JCH |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the City of St. Louis' Motion to Dismiss Counts VI, VII, VIII, IX, X and XI, filed February 11, 2020. (ECF No. 128). The motion is fully briefed and ready for disposition.

By way of relevant background, on February 6, 2019, Defendant City of St. Louis ("Defendant" or "City") moved to dismiss a number of counts contained in Plaintiff's Third Amended Complaint. In a Memorandum and Order entered on July 23, 2019, the Court granted the City's Motion to Dismiss with respect to Plaintiff's failure to train or supervise claim. (*See* ECF No. 72, PP. 7-8). The Court denied the City's Motion to Dismiss on the basis of sovereign immunity. (*Id.*, PP. 9-10).

Plaintiff filed his Fourth Amended Complaint on August 6, 2019. (ECF No. 75). Defendant City moved to dismiss certain counts of Plaintiff's Fourth Amended Complaint, but acknowledged both that Plaintiff's Fourth Amended Complaint was largely identical to his Third Amended Complaint, and that other than with respect to its claim of sovereign immunity from Plaintiff's state law claims, the City's arguments were substantively identical to those previously

1

raised by the City and ruled on by the Court. In an Order entered October 29, 2019, the Court affirmed its earlier rulings, including its ruling on the issue of sovereign immunity. (*See* ECF No. 105).

On January 30, 2020, with leave of Court, Plaintiff filed his Fifth Amended Complaint. (ECF No. 126). As relevant here, Plaintiff again asserts a claim against Defendant City for § 1983 municipal liability for failure to train, discipline and supervise (Count VI), and supplemental state-law claims alleging assault and battery, false arrest and false imprisonment, intentional and negligent infliction of emotional distress, and conversion (Counts VII-XI).

As noted above, Defendant City filed the instant Motion to Dismiss on February 11, 2020, claiming Plaintiff's § 1983 claim (to the extent it relies on the City's alleged failure to train, supervise, or discipline its police officers) must be dismissed because it fails adequately to allege municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), and Plaintiff's state-law claims must be dismissed as they are barred by the doctrine of sovereign immunity. (ECF No. 128).

## **STANDARD FOR MOTION TO DISMISS**

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of

facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

**DISCUSSION**

**I.   *Monell* Claim Against the City**

For § 1983 liability to attach to the City, Plaintiff must show that a constitutional violation resulted from an official municipal policy, an unofficial custom, or, as relevant here, a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). In a Memorandum and Order entered on July 23, 2019, the Court granted the City's Motion to Dismiss with respect to Plaintiff's failure to train or supervise claim, as follows:

> To state a viable § 1983 claim against the City for failure to train or supervise, Plaintiff must plead facts sufficient to show that: 1) the City's police officer training and supervision practices were inadequate; 2) the City was deliberately indifferent to the rights of others in adopting these practices, such that the City's failure to train and supervise was a result of deliberate and conscious choices; and 3) the City's training and supervision deficiencies caused Plaintiff's constitutional deprivation. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (citations omitted).
>
> Plaintiff pleads no factual allegations in support of this claim, other than the conclusion that the "City has inadequately trained, supervised, and disciplined SLMPD officers, including the remaining Defendants, with respect to its officers' use of chemical agents, understanding of probable cause, use of force, and recognition of rights of members of the press." (Compl., ¶ 228). The undersigned agrees with the judges in the related cases, who have held that such an allegation, alone, is insufficient to state a claim. *See Aldridge*, 2019 WL 1695982, at *11; *Laney*, 2019 WL 2423308, at *6. The Court thus will grant the City's Motion to

3

> Dismiss Plaintiff's *Monell* claim to the extent it is based on the City's alleged failure to supervise, train, and discipline SLMPD police officers, but will grant Plaintiff leave to amend this claim if he chooses to do so.

(*See* ECF No. 72, PP. 7-8).

In his Fifth Amended Complaint, Plaintiff elaborates on his claim as follows:

265. Further, Defendant City has inadequately trained SLMPD officers, including the remaining Defendants, with respect to its officers' use of chemical agents, understanding of probable cause, use of force, and recognition of rights of members of the press.

266. Defendant City had notice that its training was inadequate and likely to result in constitutional violations based on multiple previous incidents of excessive force against protestors in October 2014, November 2014, July 2015, August 2015, and September 2017.

267. Even after the March 2015 *Templeton* settlement, Defendant City did not initiate or require sufficient retraining of its officers on the appropriate use of chemical agents, as evidenced by the repeated, similar constitutional violations perpetrated by SLMPD officers after that settlement and before the incident at issue in this case.

268. On information and belief, Defendant City failed to adequately train Civil Disobedience Team Officers on the rights of members of the press during police brutality protests.

269. Additionally, but without waiver of the foregoing, City officials failed to supervise, control, and/or discipline officers of the Department when they engaged in constitutional violations like those set forth above.

270. SLMPD officers' continued use of chemical agents against non-violent citizens after the *Templeton* settlement agreement evidences the Defendant City's deliberate indifference to the need to supervise and discipline its officers.

271. SLMPD continues to rely on an Internal Affairs department that had been ineffective at curbing these unconstitutional behaviors, rather than adopt a process for the independent investigation and review of citizen complaints, evidences a continuing policy, custom or practice of inadequately supervising and disciplining officers for excessive force.

272. Further, upon information and belief, SLMPD failed to implement any new policies or practices to identify or discipline officers for the use of excessive

force against individual citizens, particularly in a police brutality protest context, even after demonstrated unconstitutional behavior by SLMPD officers. In fact, it is Plaintiff's understanding that SLMPD continues to employ, promote and even give additional responsibility to SLMPD officers with a known history of abusive behavior towards protestors as evidenced by SLMPD's failure [to] perform an IAD investigation or write a report following Mr. Faulk's complaint.

273.   Finally, SLMPD's policy, practice or custom of protecting its officers from the consequences of their unconstitutional behavior—such as clothing officers in riot gear including face masks that hide the officers' identities, allowing officers not to wear name tags or other forms of public identification, failing to document the names and badge numbers of all officers involved in the arrests of protesters, and failing to document the use of force against protestors in any way—evidences the City's deliberate indifference, and complete failure to adequately supervise or discipline its officers to assure compliance with state and federal laws or the Constitution of the United States.

274.   As a result, Defendant City has ratified the unsafe and unconstitutional treatment of those arrested by SLMPD officers, particularly in protests, by its failure to adequately investigate complaints and failure to discipline or hold misbehaving officers accountable and remove those officers from direct contact with civilians.

(ECF No. 126, ¶¶ 265-274).

Upon consideration, the Court finds Plaintiff's expanded allegations are sufficient to survive Defendant's Motion to Dismiss. In other words, Plaintiff's allegations support a reasonable inference that Defendant City failed to provide adequate training to, and supervision and discipline of, St. Louis Metropolitan Police Department officers. The Court therefore will not dismiss Plaintiff's claim at this time, but instead will permit him to engage in discovery to develop further the factual bases for his claim.

## II.   Sovereign Immunity

Defendant City next asserts sovereign immunity bars Plaintiff's state law claims. Under Missouri law, "[a] municipality has sovereign immunity from actions at common law tort in all but four cases: (1) where a plaintiff's injury arises from a public employee's negligent operation

of a motor vehicle in the course of his employment (section 537.600.1(1)); (2) where the injury is caused by the dangerous condition of the municipality's property (section 537.600.1(2)); (3) where the injury is caused by the municipality performing a proprietary function as opposed to a governmental function; and (4) to the extent the municipality has procured insurance, thereby waiving sovereign immunity up to but not beyond the policy limit and only for acts covered by the policy (section 537.610)." *Bennartz v. City of Columbia, Mo.*, 300 S.W.3d 251, 259 (Mo. App. 2009) (internal citation omitted).

In his Complaint, Plaintiff alleges as follows: "Defendant City of St. Louis obtains insurance from the Public Facilities Protection Corporation, a not for profit corporation into which the City pays funds yearly. The funds are later disbursed by the corporation to pay claims against the City. Alternatively, the City's relationship with the PFPC serves as a self-insurance plan. By possessing such insurance or self-insurance, the City has waived sovereign immunity on state claims pursuant to RSMo. § 537.610.1." (ECF No. 126, ¶¶ 283-285, 290-292, 301-303, 309-311, 321-323).

In its Motion to Dismiss, Defendant City asserts that on November 20, 2019, "the Honorable Judge Michael F. Stelzer for the Twenty-Second Judicial Circuit for the State of Missouri entered an order disposing of analogous PFPC claims and holding that the PFPC is not a policy of insurance purchased pursuant to RSMo. § 537.610 nor is it a self-insurance plan adopted by City." (*See* Memorandum in Support of City's Motion to Dismiss Counts VI, VII, VIII, IX, X, and XI, P. 7). As part of his response, Plaintiff attaches several documents not suitable for consideration on a motion to dismiss. In light of these submissions, the Court finds the issue of sovereign immunity is more properly addressed on summary judgment, with a full

6

record before the Court. This portion of Defendant City's Motion to Dismiss will therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the City of St. Louis' Motion to Dismiss Counts VI, VII, VIII, IX, X and XI (ECF No. 128) is **DENIED**.

Dated this   6th   Day of October, 2020.

    \s\ Jean C. Hamilton
    UNITED STATES DISTRICT JUDGE