**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL FAULK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 4:18-CV-308** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF ST. LOUIS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT CITY OF ST. LOUIS' ANSWER**
**TO PLAINTIFF'S FIFTH AMENDED COMPLAINT**

COMES NOW Defendant City of St. Louis ("City") and answers the allegations of Plaintiff Michael Faulk's ("Faulk") Fifth Amended Complaint (doc. 126) as follows:

**INTRODUCTION**

1.      Defendant City admits that Plaintiff was arrested on September 17, 2017, but denies that his arrest was unlawful or that Plaintiff Faulk was assaulted. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

**JURISDICTION AND VENUE**

2.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

3.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

4.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

5.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

6.      The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

7.      Defendant City admits that Plaintiff purports to demand a trial by jury. Because Defendant City denies that Plaintiff's claims are cognizable, Defendant denies Plaintiff is entitled to a jury trial.

## PARTIES

8.      Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

9.      Defendant City admits the City is a constitutional charter city organized pursuant to the Missouri Constitution and the laws of the State of Missouri. Defendant City denies the remaining allegations in this paragraph.

10.     In response to paragraph 10, Defendant City admits only that the City's Police Department is a division of the City's Department of Public Safety. Defendant City denies the remaining allegations in this paragraph.

11.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

12.     Defendant City admits that Gerald Leyshock is a police officer employed by the St. Louis Police Department ("SLPD") and holds the rank of lieutenant colonel. Further answering, Defendant City admits that Leyshock was the incident commander during the mass arrest that took place during the evening of September 17, 2017. Defendant City denies the remaining allegations in this paragraph.

13.      Defendant City admits that Scott Boyher is a police officer employed by the SLPD and holds the rank of lieutenant. Defendant City denies that Boyher was present at the scene of the mass arrest during the evening of September 17, 2017. Defendant City denies the remaining allegations in this paragraph.

14.     Defendant City admits that Timothy Sachs is a police officer employed by SLPD and holds the rank of lieutenant. Further answering he admits Sachs was a supervisor present during the mass arrest that took place during the evening of September 17, 2017. Defendant City denies the remaining allegations of this paragraph.

15.     Defendant City admits that Randy Jemerson is a police officer employed by the SLPD and that he supervises the SLPD's civil disobedience teams. Further answering, Defendant City admits that Jemerson was a supervisor present during the mass arrest that took place during the evening of September 17, 2017. Defendant City denies the remaining allegations of this paragraph.

16.     Defendant City admits that Matthew Karnowski is a police officer employed by the SLPD and holds the rank of sergeant. Further answering, Defendant City admits that

Karnowski was a supervisor present during the mass arrest that took place during the evening of September 17, 2017, and that earlier that evening, he had issued "unlawful assembly" orders in another location. Defendant City denies the remaining allegations of this paragraph.

17.     Defendant City admits that Brian Rossomanno is a police officer employed by the SLPD and holds the rank of sergeant. Further answering, Defendant City admits that Rossomanno was a supervisor present during the mass arrest that took place during the evening of September 17, 2017. Defendant City denies the remaining allegations of this paragraph.

18.     Defendant City admits that Andrew Wismar is a police officer employed by the SLPD. Further answering, Defendant City admits that Wismar helped to arrest Faulk. Defendant City denies the remaining allegations of this paragraph.

19.     Defendant City admits that Anthony Wozniak is a police officer employed by the SLPD and holds the rank of sergeant. Further answering, Defendant City admits that Sgt. Wozniak was a supervisor present during the mass arrest that took place during the evening of September 17, 2017. Defendant City denies the remaining allegations of this paragraph.

20.     Defendant City admits that John Gentilini is a police officer employed by the SLPD. Further answering, Defendant City admits that Gentilini was present during the mass arrest that took place during the evening of September 17, 2017. Defendant City denies the remaining allegations of this paragraph.

21.     Defendant City admits that James Harris III is a police officer employed by the SLPD. Further answering, Defendant City admits that Harris helped to arrest Faulk. Defendant City denies the remaining allegations of this paragraph.

22.     Defendant City admits that Brian Gonzales is a police officer employed by the SLPD. Further answering, Defendant City admits that Gonzales was present during the mass

arrest that took place during the evening of September 17, 2017. Defendant City denies the remaining allegations of this paragraph.

23.      Defendant City admits that Robert Stuart is a police officer employed by the SLPD. Further answering, Defendant City admits that Stuart was present during the mass arrest that took place during the evening of September 17, 2017. Defendant City denies the remaining allegations of this paragraph.

24.      Defendant City admits that Bryan Barton is a police officer employed by the SLPD. Further answering, Defendant City admits that Barton was present during the mass arrest that took place during the evening of September 17, 2017. Defendant City denies the remaining allegations of this paragraph.

25.      Defendant City admits that Tom Long is a sergeant employed by the SLPD. Further answering, Defendant City admits that Long was present during the mass arrest that took place during the evening of September 17, 2017. Defendant City denies the remaining allegations of this paragraph.

26.      Defendant City admits that James Wood was a police officer employed by the SLPD. Further answering, Defendant City admits that Wood was present during the mass arrest that took place during the evening of September 17, 2017. Defendant City denies the remaining allegations of this paragraph.

27.      Defendant City admits that Lieutenant Colonel Lawrence O'Toole was employed as the Acting Police Commissioner of the SLPD on September 17, 2017. Defendant City denies the remaining allegations of this paragraph.

28.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

## FACTUAL ALLEGATIONS

29.     Defendant City admits that in the morning on September 15, 2017, St. Louis Circuit Judge Timothy Wilson issued an order acquitting former St. Louis police officer Jason Stockley of murder. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

30.     Defendant City admits that protesters gathered downtown after the Stockley verdict. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

31.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

32.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

33.     Denied.

34.     Defendant City admits that the Stockley protests resulted in property damage, including broken windows and broken flower pots. Defendant otherwise denies the allegations paragraph 34.

35.     Defendant City denies the allegations in paragraph 35, including subparts (a)-(j).

36.     Denied.

37.     Denied.

38.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

39.     Denied.

40.     In response to paragraph 40, Defendant City states that the temporary restraining order issued by Judge Carol E. Jackson on December 11, 2014 speaks for itself. Defendant otherwise denies the allegations in paragraph 40.

41.     Denied.

42.     In response to paragraph 42, Defendant City states only that the settlement agreement entered into by the City on March 25, 2015 and referenced in Exhibit 126-2 speaks for itself. Defendant otherwise denies the allegations in paragraph 42.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Defendant City admits that a group of violent persons attempted to invade the premises of a correctional facility known as the Medium Security Institution of the City of St. Louis in July 2017, and that reasonable and lawful measures were taken by police officers to protect themselves and the facility; Defendants otherwise deny the allegations of paragraph 46.

47.     Denied.

48.     Denied.

7

49.     In response to paragraph 49, Defendant City states that the testimony provided by Rossomanno on October 19, 2017 during the preliminary injunction hearing in *Ahmad*, *et al*. *v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations in paragraph 49.

50.     Defendant City admits that he is not aware of Plaintiff's participation in the destruction of property on the 900, 1000, 1100 blocks of Olive Street in downtown St. Louis.

51.     In response to paragraph 51, Defendant City states that the testimony provided by SLMPD officers during the preliminary injunction hearing in *Ahmad, et al. v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations in paragraph 51.

52.     In response to paragraph 52, Defendant City states that the testimony provided by Defendant Sachs on October 19, 2017 during the preliminary injunction hearing in *Ahmad, et al. v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations in paragraph 52.

53.     In response to paragraph 53, Defendant City states that the testimony provided by Defendant Rossomanno in *Ahmad, et al. v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations in paragraph 53.

54.     In response to paragraph 54, Defendant City states that the testimony provided by Defendant Rossomanno in *Ahmad, et al. v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations in paragraph 54.

55.     Denied.

56.     Denied.

57.     In response to paragraph 57, Defendant City states that the testimony provided by Defendant Sachs on October 19, 2017 during the preliminary injunction hearing in *Ahmad, et al.*

*v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations in paragraph 57.

58.    Denied.

59.    In response to paragraph 59, Defendant City states that the testimony provided by Defendant Karnowski on October 19, 2017 during the preliminary injunction hearing in *Ahmad, et al. v. St. Louis*, cause no. 4:17-cv-02455, speaks for itself. Defendant otherwise denies the allegations in paragraph 59.

60.    Defendant City admits that there are condominiums, apartment buildings and businesses within the vicinity of Washington Avenue and Tucker Boulevard. Defendant otherwise denies the allegations in paragraph 60.

61.    Denied.

62.    Denied.

63.    Defendant City admits that sometime approximately at or around 11 p.m. officers began forming into lines.

64.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

65.    Defendant City admits that Civil Disobedience Team officers were present that evening.  Defendant City denies any remaining allegations in paragraph 65.

66.    Defendant City admits that sometime prior to Plaintiff's arrest on September 17, 2017 a line of officers assembled across Washington Avenue one block west of Tucker Boulevard. Defendant City denies any remaining allegations in paragraph 66.

67.     Defendant City admits that sometime prior to Plaintiff's arrest on September 17, 2017 a line of officers assembled across Tucker Boulevard one block north of Washington Avenue. Defendant City denies any remaining allegations in paragraph 67.

68.     Defendant City admits that sometime prior to Plaintiff's arrest on September 17, 2017 a line of officers assembled across Tucker Boulevard one block south of Washington Avenue. Defendant City denies any remaining allegations in paragraph 68.

69.     Defendant City admits that officers in these lines were wearing helmets and masks and that some of these officers were carrying batons and some were carrying protective shields. Defendant otherwise denies the allegations in paragraph 69.

70.     Defendant City admits that sometime prior to Plaintiff's arrest on September 17, 2017 a line of officers assembled across Washington Avenue one half block east of Tucker Boulevard. Defendant City denies any remaining allegations in paragraph 70.

71.     Defendant City admits that some of the officers assembled across Washington Avenue east of Tucker were carrying bicycles and that Lieutenant s is the commander of the bicycle response team. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

72.     Admit.

73.     Denied.

74.     Defendant City admits that some officers banged batons as they approached. Defendant otherwise denies the remaining allegations in paragraph 74.

75.     Denied.

10

76.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

77.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

78.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

79.     Denied.

80.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

81.     Denied.

82.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

83.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

84.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

85.     Denied.

86.     Defendant City admits only that Lieutenant Boyher is the commander of the bicycle response team. Defendant otherwise denies the allegations in paragraph 86.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Defendant City admits that officers used plastic zip ties to effect arrests. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

98.     Defendant City admits that more than 100 people were arrested.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    The allegations in paragraph 104 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant City denies the allegations in paragraph 104.

105.    Denied.

106.    Defendant City admits that five City police officers were indicted by a federal grand jury for alleged conduct during the Stockley protests on September 17, 2017. Defendant otherwise denies the allegations in paragraph 106.

107.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 107, including subparts (a)-(f), and therefore, denies them on that basis.

108.    In response to the allegations in paragraph 108, Defendant City states that Police Department Special Order 8-03 speaks for itself.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

113.    Denied.

114.    Denied.

115.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

116.    Denied.

117.    In response to paragraph 117, Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

118.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

119.    Denied.

120.    Defendant City admits only that in October 2017 the City Counselor's Office issued letters to certain individuals arrested for ordinance violations and advised them that they were released from any obligation to appear in Municipal Court on October 18, 2017. Further answering, Defendant City states that that the October 2017 letters speak for themselves. Defendant otherwise denies the allegations in paragraph 120.

121.    In response to paragraph 121, Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 121.

122.    In response to paragraph 122, Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 122.

123.    In response to paragraph 123, Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant further states that Defendant Sachs' testimony during the Preliminary Injunction Hearing speaks for itself.  Defendant otherwise denies the allegations in paragraph 123.

124.    In response to paragraph 124, Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 124.

125.    In response to paragraph 125, Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 125.

126.    In response to paragraph 126, Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 126.

127.    In response to paragraph 127, Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 127.

128.    In response to paragraph 128, Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 128.

129.     In response to paragraph 129, Defendant City states that the transcript of the closing argument made by Associate City Counselor Tony Relys on October 23, 2017 and the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speak for themselves. Defendant otherwise denies the allegations in paragraph 129.

130.     In response to paragraph 130, and subparts (a)-(k), Defendant City states that the Memorandum and Order of Preliminary Injunction issued by Judge Perry on November 15, 2017 speaks for itself. Defendant otherwise denies the allegations in paragraph 130.

131.     Denied.

132.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

133.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

134.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

135.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

136.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

137.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

138.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

139.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

140.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

141.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

142.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

143.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

144.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

145.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

146.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

147.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

148.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

149.     Denied.

150.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

151.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

152.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

153.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

154.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

155.    Denied.

156.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

157.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Defendant City admits only that Plaintiff was wearing a lanyard around his neck on the evening of his arrest. Defendant otherwise lacks knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Defendant City admits only that plastic zip tie cuffs were applied to Plaintiff's wrists during his arrest. Defendant otherwise denies the allegations in paragraph 170.

171.    Denied.

172.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

173.    Defendant City admits only that officers lifted Faulk to the ground and that his glasses and cellular phone were picked up and inventoried. Defendant otherwise denies the allegations in paragraph 173.

174.    Defendant City admits that Wismar and Harris led Faulk to a waiting police van. Defendant otherwise denies the allegations in paragraph 174.

175.    Defendant City admits that Wismar is listed as Faulk's "arresting officer" in Incident Report 17-045977. Defendant otherwise denies the allegations in paragraph 175.

176.    Denied.

177.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

178.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

179.     Denied.

180.     Denied.

181.     Denied.

182.     Defendant City admits Plaintiff was taken to the St. Louis City Justice Center and that his photograph was taken prior to being taken to the police van. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

183.     Defendant City admits Plaintiff was taken to the St. Louis City Justice Center in a police van. Defendant City denies the remaining allegations in paragraph 183.

184.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

185.     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

186.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

187.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

188.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

189.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

190.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

191.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

192.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

193.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

194.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

195.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

196.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

197.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

198.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

199.    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

200.    Defendant City admits Plaintiff met with investigators from the Internal Affairs Division and that said interview was recorded. Defendant City admits that representatives of the

City and the Post-Dispatch met, but denies such meeting resulted in the issuance of a new special order relating to the rights of journalists. Further answering, Defendant City admits Plaintiff has not been charged, but that the City has not agreed Plaintiff that will not be charged in the future. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

201.    Denied.

202.    In response to paragraph 202, Defendant City states that Incident Report 17-045977 speaks for itself. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

## COUNT I

207.    Defendant City incorporates by this reference all of its answers to paragraphs 1-206 as though fully set forth herein.

208.    The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

214.    Denied.

215.    The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

216.    The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant City denies the allegations of this paragraph.

## COUNT II

*The allegations in Count II are directed to the individual defendants and are not directed to Defendant City. If the allegations of Count II, including ¶¶ 217-225 are ever construed to state a claim against this Defendant, Defendant City denies the allegations in ¶¶ 217-225.*

## COUNT III

*The allegations in Count III are directed to Defendants Long, Wismar, Gentilini, Stuart, Harris, Gonzales, and Barton and are not directed to Defendant City. If the allegations of Count III, including ¶¶ 226-237 are ever construed to state a claim against this Defendant, Defendant City denies the allegations in ¶¶ 226-237.*

## COUNT IV

*The allegations in Count IV are directed to Defendants Wozniak, Wismar, Gentilini, Stuart, Harris, Gonzales, and Barton and are not directed to Defendant City. If the allegations of*

*Count IV, including ¶¶ 238-249 are ever construed to state a claim against this Defendant, Defendant City denies the allegations in ¶¶ 238-249.*

## COUNT V

250.    Defendant City incorporates by this reference all of its answers to paragraphs 1-249 as though fully set forth herein.

251.    Denied.

252.    Denied.

253.    Denied.

254.    Denied.

255.    Denied.

256.    Defendant denies the allegations in paragraph 256, including subparts (a)-(b).

257.    Denied.

258.    Denied.

259.    Denied.

260.    Denied.

261.    The allegations of this paragraph constitute legal conclusions to which no answer is required.

262.    The allegations of this paragraph constitute legal conclusions to which no answer is required.

## COUNT VI

263.    Defendant City incorporates by this reference all of its answers to paragraphs 1-262 as though fully set forth herein.

264.    Denied.

265.    Denied.

266.    Denied.

267.    Denied.

268.    Denied.

269.    Denied.

270.    Denied.

271.    Denied.

272.    Denied.

273.    Denied.

274.    Denied.

275.    Denied.

276.    Denied.

277.    Denied.

## COUNT VII

278.    Defendant City incorporates by reference all of its answers to paragraphs 1-277 as though fully set forth herein.

279.    Denied.

280.    Denied.

281.    Denied.

282.    Denied.

283.    Denied.

284.    Denied.

285.    Denied.

286.    Denied.

## **COUNT VIII**

287.    Defendant City incorporates by reference all of its answers to paragraphs 1-286 as though fully set forth herein.

288.    Denied.

289.    Denied.

290.    Denied.

291.    Denied.

292.    Denied.

293.    Denied.

294.    Denied.

## **COUNT IX**

295.    Defendant City incorporates by reference all of its answers to paragraphs 1-294 as though fully set forth herein.

296.    Denied.

297.    Denied.

298.    Denied.

299.    Denied.

300.    Denied.

301.    Denied.

302.    Denied.

303.    Denied.

304.    Denied.

## COUNT X

305.    Defendant City incorporates by reference all of its answers to paragraphs 1-304 as though fully set forth herein.

306.    Denied.

307.    Denied.

308.    Denied.

309.    Denied.

310.    Denied.

311.    Denied.

312.    Denied.

## COUNT XI

313.        Defendant City incorporates by reference all of its answers to paragraphs 1-312 as though fully set forth herein.

314.    Denied

315.    City lacks knowledge or information sufficient to admit or deny the allegations in paragraph 315.

316.    Denied.

317.    Denied.

318.    Denied.

319.    Denied.

320.    Denied.

321.    Denied.

322.    Denied.

323.   Denied.

324.   Denied.

325.   Denied.

## COUNT XII

*The allegations in Count XII are directed to Defendant Lawrence O'Toole and are not directed to Defendant City. If the allegations of Count XII, including ¶¶ 326-332 are ever construed to state a claim against this Defendant, Defendant City denies the allegations in ¶¶ 326-332.*

WHEREFORE, having fully answered Plaintiff's Fifth Amended Complaint, Defendant City requests that this Court dismiss all claims asserted against it with prejudice, award Defendant City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## JURY DEMAND

Defendant City demands a jury trial on all issues triable to a jury.

## AFFIRMATIVE DEFENSES

Further answering, Defendant City affirmatively states as follows:

1.   Plaintiff has failed to state a claim upon which relief can be granted because arguable probable cause existed for Plaintiff's arrest.

2.   Plaintiff has failed to state a claim upon which relief can be granted because Defendants' conduct comported with established law and did not violate any clearly established constitutional right of which a reasonable person would have known.

3.   Plaintiff is estopped from bringing this suit by his own actions or inactions, including but not limited to, Plaintiff's failure to bring claims at his first opportunity.

4.      Defendant further states that Plaintiff's state law claims against City are barred by reason of Sovereign Immunity, as provided in §§ 537.600, *et seq.* RSMo.

5.      Defendant City is further shielded from Plaintiff's state law claims by the public duty doctrine.

6.      Defendant City asserts all of the provisions of §§ 537.600, 537.610 and 537.615 RSMo.

7.      The use of force to effect Faulk's arrest was justified pursuant to RSMo. § 563.046 in that, *inter alia*:

(a)      The arresting officers reasonably believed Faulk had committed an offense;

(b)      The arresting officers did not need to retreat or desist from efforts to effect Faulk's arrest because they reasonably believed Faulk to have committed an offense;

(c)      The arresting officers used force to effect Faulk's arrest that they reasonably believed was immediately necessary;

(d)      The arresting officers' use of force to arrest Faulk was lawful and the officers reasonably believed the arrest was lawful;

(e)      The arresting officers' use of force to effect Faulk's arrest was objectively reasonable;

(f)      The arresting officers reasonably believed the use of handcuffs was immediately necessary to effect Faulk's arrest; and

8.      The arresting officers' use of force in this case pursuant to and as described in RSMo. § 563.046 is an absolute defense to civil liability as provided in RSMo. § 563.074.1.

9.      Defendant City requests that this Court award attorney's fees, court costs, and all reasonable expenses incurred in defense of this civil action in his favor and against Plaintiff and her counsel pursuant to RSMo. § 563.074.2.

10.     For further answer and defense, Defendants state that any injury or damage sustained by Plaintiff was the direct and proximate result of plaintiff's own conduct, negligence, carelessness and comparative fault contributing thereto.

11.     If a defendant or another party or entity makes a settlement with Plaintiff, or if Plaintiff receives anything of value from any party, individual or entity, the amount of such payment or consideration should be treated as a payment in full satisfaction of the damages of Plaintiff, or in the alternative, that the amount of such payment or consideration should be a set off against any judgment that may be entered herein.

12.     Plaintiff's claims are barred by all applicable statutes of limitations or repose.

13.     Plaintiff failed to mitigate his damages.

14.     Plaintiff's state law assault and battery claims are barred because Plaintiff consented through his conduct to the actions of Defendants.

15.     If any portion of Plaintiff's alleged damages are divisible, Defendant City asserts that such alleged damages may be subject to the doctrines of apportionment and/or alternate proximate cause.

16.     Plaintiff voluntarily assumed or exposed himself to a risk which he knew or, in the exercise of ordinary care, should have known existed.

17.     Plaintiff has no compensable damages.

18.     Plaintiff is estopped from bringing this suit by his own actions or inactions, including but not limited to, Plaintiff's failure to bring claims at his first opportunity.

19.     The rights alleged by Plaintiff to have been violated by Defendant City were not clearly established at the time.

Defendant City incorporates each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. Defendant City specifically reserves the right to amend this Answer to include additional affirmative defenses at a later time.

Respectfully submitted,

MICHAEL GARVINj,
City Counselor

By: /s/ Andrew D. Wheaton
    Andrew D. Wheaton #65269MO
    Erin K. McGowan #64020MO
    1200 Market Street, Room 314
    City Hall
    St. Louis, Mo  63103
    (314) 622-3361
    (314) 622-4956 fax
    McGowanE@stlouis-mo.gov
    wheatona@stlouis-mo.gov
    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2020 the foregoing Answer to Plaintiff's Fifth Amended Complaint was served via the Court's electronic filing system upon all counsel of record.

   /s/ Andrew D. Wheaton